SIMPSON v. WHITE et al.

No. 31471.    Feb. 13, 1945.

Rehearing Denied April 10, 1945.

Application for Leave to File Second Petition for Rehearing Denied April 24, 1945.

*157 P. 2d 913.*

Hughey Baker, of Tulsa, for plaintiff in error.

Doerner, Rinehart & Stuart and Jack Langford, all of Tulsa, for defendants in error.

CORN, J.  Cora Simpson sued A. O. White and A. J. Simpson, a copartnership doing business as Banner White Transfer Company, for damages for personal injuries alleged to have been sustained by reason of her foot breaking through the floor of defendant's van and injuring her leg.

The evidence showed plaintiff had contracted with defendants to move her furniture and household goods from one residence to another in the city of Tulsa, Okla.  On July 1, 1941, the date of the injury, defendants' employees loaded plaintiff's furniture into the van and transported it to the plaintiff's new address.  The van was backed up to the front porch, the end-gate lowered, and a plank laid onto the porch from the back of the truck.  Defendants' employees then began the task of carrying the furniture out of the van and into the house.

During this time plaintiff entered the van to get some of her belongings, and after making several trips stepped on a board in the floor of the van which broke, allowing plaintiff's leg to be wedged through the van floor and causing the injuries of which she com-plained.

The evidence, on behalf of plaintiff, was that she went into the van to assist in removing her effects; that she had made several trips into the van for that purpose; that a friend had also gone back and forth into the truck, and that neither of them had been directed to stay out of the van.

Plaintiff's friend, Mrs. Wilson, testified that she helped plaintiff carry things out of the van and nobody objected to her helping, and that nobody told plaintiff not to go into the van. Further, that when plaintiff's foot slipped through the board, one of the defendants' employees said that the board should have been fixed; that the board looked like it might have been rotten.

For the defendants the testimony was that plaintiff was in the truck two or three times before she was hurt; she had been told that they could make better time if she would stay out of the truck; that he had noticed nothing wrong with the floor and that the broken board was a new clean pine board and was not rotten; that plaintiff had been asked not to go into the truck.

Defendants' other employees testified that plaintiff had been told she was not supposed to enter the truck, that the truck floor looked new and that he knew the board was solid when plaintiff went into the truck, and that he noticed no broken planks.

Mrs. A. J. Simpson, defendants' manager, testified that employees were instructed never to allow anyone in the trucks.

Upon this conflicting testimony the trial court sustained the defendants' motion for a directed verdict and thereafter overruled plaintiff's motion for a new trial.

It is the contention of the plaintiff that the court was without authority in this case to direct a verdict for the defendants, as the rule is well established that in ruling on a motion for a directed verdict the court must disregard all evidence unfavorable to the parties against

whom the verdict is sought; and must concede all evidence to be true which is favorable to the plaintiff.

In Kansas, O. & G. Ry. Co. v. Dillon, Adm'x. 191 Okla. 671, 135 P. 2d 498, this court held:

"A motion to direct a verdict admits all of the facts and inferences to be drawn therefrom in favor of the party against whom the motion is directed, and leaves for consideration only such evidence as is favorable to the party against whom such motion is directed."

The record reflects that the trial court sustained the motion for a directed verdict because he thought as a matter of law no recovery could be had.

There is much discussion in the briefs about whether the plaintiff was an invitee, licensee, or trespasser. It is not necessary for us to determine that question in this case, as we must treat her evidence for the purpose of this motion as true and all evidence unfavorable to her as withdrawn.

An examination of the entire record reflects there is ample evidence for the trial court to submit the case to the jury under proper instructions.

The judgment of the trial court is reversed.

OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur. HURST, V.C.J., concurs in conclusion. GIBSON, C. J., dissents.