KAMINSKI v. ELVINGTON et al.

No. 33772.   Sept. 19, 1950.

Rehearing Denied Jan. 9, 1951.

*226 P. 2d 395.*

Butler & Rinehart, Oklahoma City, for plaintiff in error.

Draper Grigsby, Oklahoma City, for defendants in error.

JOHNSON, J. The parties here occupy the same position as in the trial court, and hereafter for convenience they will be referred to as plaintiff and defendants, respectively.

This is an appeal from the district court of Oklahoma county wherein the plaintiff brought an action against the defendants for damages for personal injuries resulting from a collision of motor vehicles, alleging the negligent operation of a truck-trailer vehicle by the defendants. The cause was tried to a jury, and at the conclusion of all the evidence the court directed the jury to return a verdict for the defendants. Motion for a new trial being overruled resulted in this appeal.

The plaintiff's petition alleged negligence on the part of defendants as follows:

"(a) That said truck and trailer unit failed to keep to the right of the center of the road as required by Title 69, Section 583, which is as follows:

"'583. Rules of the road. All motor vehicles before passing other vehicles from the rear shall give notice of approach by a horn or other signal before passing; provided, that said vehicle shall be required when signaled to turn to one side and give half the road,' said statute being in full force and effect on the date and at the time of the accident in question.

"(b) That the operator of the truck and trailer unit knew, or should have known, that he was endangering the lives and safety of others rightfully using said highway by proceeding to drive said unit to the left of the center thereof.

"(c) That said operator failed to use due precaution and care for the safety

of others after discovering them in a position of peril."

It is the contention of plaintiff that she was injured by reason of the negligence of the defendants, and she insists that there were in the case controversial facts which should have been submitted to the jury, and that it was error for the court to direct a verdict for the defendants; that her proof was ample to sustain her allegations.

The evidence discloses that plaintiff was riding in her husband's car, with their house trailer attached; that the car was driven by her husband; that each vehicle was traveling east on Highway 66, at a point about two miles west of the town of Depew at the time of the collision; that defendants' large tractor semi- trailer truck was traveling just in front of the car and house trailer, and had been so traveling for seven or eight miles; that as they reached the top of a hill, and while both vehicles were traveling at a speed of approximately ten miles per hour, the car in which plaintiff was riding attempted to pass the defendant's truck by turning to the left or north side of the road; that both the car and truck increased their speed, and at the time of the collision each was traveling about 35 miles per hour. These facts are not disputed. However, as to whose fault or negligence, if any, caused the injury, constitutes the issue.

The plaintiff under one proposition argues that "the court erred in sustaining defendants' motion for a directed verdict."

From the record, we find but one question to be determined, which is: Did the court err in directing the jury to return a verdict for the defendants? In determining this question we must apply the universally accepted rule that a motion to direct a verdict admits all of the facts and inferences to be drawn therefrom in favor of the party against whom the motion is directed and leaves for consideration only such evidence as is favorable to the party against whom such motion is directed.

Simpson v. White, 195 Okla. 375, 157 P. 2d 913.

The plaintiff and her husband each testified in substance that as the car in which plaintiff was riding attempted to pass defendants' truck, the truck speeded up and moved slightly to the left and over the black line to the side of the pavement on which plaintiff was traveling. The plaintiff's husband then sounded the horn of his car; that the truck then turned slightly to the right, striking the plaintiff's house trailer, knocking it loose from the car and turning it over; that at the time the truck struck the house trailer, the rear wheels of the truck were across and to the left of the black line or center line of the pavement on plaintiff's side of the highway.

One of the defendants, the driver of the truck, testified substantially as did the plaintiff and her husband, except he denied that the truck was on the wrong side or the left side of the black line.

Applying the rule announced in Simpson v. White, supra, we think it was error to direct a verdict against the plaintiff or to take the case from the jury and render judgment where, admitting the truth of all the evidence given in plaintiff's favor, together with such inferences and conclusions as may be reasonably drawn therefrom, there is enough competent evidence reasonably to sustain a verdict, should jury find for plaintiff. National Benev. Soc. v. Russell, 173 Okla. 331, 48 P. 2d 1047.

We have examined the record and hold that there was evidence on the question of negligence on which reasonable men might differ as to the facts established and from the inferences to be drawn therefrom, and therefore the jury, and not the court, must determine the issue. Kansas Life Ins. Co. v. Pearson, 173 Okla. 259, 46 P. 2d 449.

Judgment is reversed and remanded, with directions to vacate same and grant a new trial.

CORN, GIBSON, LUTTRELL, and O'NEAL, JJ., concur.