William Richard BARR, Administrator of
the Estate of Bruce V. Barr, Deceased,
Plaintiff in Error,

v.

THE AUTO CONVOY COMPANY, a corpo-
ration of Dallas, Texas, Defendant
in Error.

No. 36232.

Supreme Court of Oklahoma.

Feb. 23, 1955.

J. B. Moore, J. B. Thompson, Ardmore, for plaintiff in error.

Williams, Williams & Williams, E. H. Williams, Ardmore, for defendant in error.

ARNOLD, Justice.

Plaintiff as administrator of the estate of Bruce V. Barr, deceased, brought this action in the District Court of Carter County against defendant Auto Convoy Company to recover damages for the alleged wrongful death of said Bruce V. Barr and for conscious pain and suffering, medical bills, and loss of earnings.

Pertinent to the issues herein raised, the evidence of plaintiff shows that deceased was injured on the night of January 13, 1952, in a collision between his 1950 Chevrolet automobile and the convoy truck owned by said defendant at a point approximately 3 miles east of Ringling on U. S. Highway 70; that defendant's truck was a Ford tractor attached to a convoy trailer loaded with four Mercury automobiles and was 50 feet long and 13 feet high; that defendant's truck was going west on said highway and plaintiff's decedent's car was traveling in an easterly direction, meeting defendant's truck; that the highway at the point of collision is a good, black-top road, 21 feet wide, level, with good shoulders level with the blacktop extending for some 50 feet to the fence line; that a car could be driven with safety on the shoulders; that both rear wheels of both cars laid down skid marks; that the skid marks of the Barr car show that at the time the brakes were first applied his right wheels were a foot from the center line to the north or his left side of the road; that the Barr skid marks continued in a straight line on the left side of the road for about 15 feet, then whipped suddenly to the right, for a total distance of about 25 feet; that defendant's truck laid down about 23 feet of skid marks; that these marks showed that when defendant first applied his brakes he was in about the center of his proper lane of travel and that the marks continued in a straight line for about 15 feet then whipped to the left; that the front of defendant's truck collided with the left front of plaintiff's car; that the point of impact was just over the center line on plaintiff's right side of the road; that the cars came to rest at an angle, the left rear corner of plaintiff's car being about a foot over the center line on its left side of the road and the rear end of defendant's trailer was over the center line on its right side of the road, the rest of the tractor and trailer being at an angle on its left side of the road; that defendant told the Highway Patrolman who investigated the accident that he saw the headlights of the Barr car coming straight at him on his side of the road and he thought the Barr car would get over to its own side but the Barr car stayed on its wrong side of the road until it was right on him and he thought it was going to stay there so he just used the best chance he had to avoid the accident and whipped to his left; that he did not whip to his right because the shoulders were pretty bad in most places along that road and he was afraid he would overturn.

At the close of plaintiff's evidence the court sustained a demurrer thereto on the ground that by taking plaintiff's evidence in its most favorable light it showed that the negligence shown was not shown to be the proximate cause of the accident; that

the proximate cause of the accident was the fact that plaintiff was on his wrong side of the road. From order overruling motion for new trial plaintiff appeals.

Plaintiff contends that under the above evidence reasonable men might differ as to whether defendant was negligent in turning to his left when he could have turned to the right in safety and thus have avoided the collision.

 A motorist has a right to presume that the driver of a vehicle approaching from the opposite direction on the wrong side of the road will obey the law and seasonably return to his right side of the road in time to avoid a collision, until he sees, or ought to see that such assumption is unwarranted. Until he sees that the approaching driver does not intend to turn there is no duty to slacken his speed or change his course. When, however, it is apparent that the approaching driver will not or cannot change his course and turn to his right side there devolves upon the motorist who is on his own right side of the road a duty to use ordinary care to avert the impending collision, that is, that care which appears reasonable in the light of the circumstances in which he finds himself. Potter v. Glassell, 146 La. 687, 83 So. 898. See Annotation 24 A.L.R. 1308.

To avoid the impending collision defendant had two possible alternatives: he could go to his right; or he could turn to his left. Whether the course that defendant chose, that of turning to his left, was the course that a reasonable, prudent man would have chosen, acting in the light of the circumstances as they appeared to him in the situation in which he found himself, is a question of fact for the jury. The question then for determination is whether under the facts and circumstances here presented defendant used that degree of ordinary care which a reasonably prudent man would have used under the some circumstances to prevent the impending collision. The minds of reasonable men might differ upon the point and therefore the court should have submitted to the jury the questions of whether or not defendant was guilty of negligence, whether such negligence, if

any, was the proximate cause of the plaintiff's injuries, and whether plaintiff was guilty of contributory negligence.

A demurrer to the evidence admits every fact which the evidence reasonably tends to prove and all inferences and conclusions which can be reasonably and logically drawn therefrom. All evidence which is unfavorable to the party against whom the demurrer is directed is to be considered withdrawn. If reasonable men may fairly differ as to whether the facts constitute negligence, the question is one for the jury. Hansen v. Cunningham, Okl., 258 P.2d 906.

Reversed.

WILLIAMS, V. C. J., and WELCH, DAVISON, BLACKBIRD and JACKSON, JJ., concur.