TIDEWATER ASSOCIATED OIL COM-
PANY, a Corporation, and Louis Larit-
son, Plaintiffs in Error,

v.

Larrie Dean SLUSSER, a Minor, by and
through George A. Slusser, his Father and
Next Friend, Defendants in Error.

No. 37245.

Supreme Court of Oklahoma.

Jan. 29, 1957.

Rehearing Denied March 5, 1957.

Charles E. Daniel, Drumright, Rucker, Tabor & Cox, B. W. Tabor, Joseph A. Sharp, Margaret C. McCollough, Tulsa, for plaintiffs in error.

Jack B. Sellers, Drumright, for defendants in error.

PER CURIAM.

This appeal is from a judgment for defendants in error, hereinafter referred to as plaintiff, in an action to recover damages growing out of an accident alleged to have occurred as the result of defendant's negligence. The accident occurred at approximately 12:15 o'clock A.M., August 3, 1955, on State Highway 27, approximately ½ mile east and 1½ miles south of the city of Drumright, Oklahoma.

The petition alleges: That at the time and place above referred to, the defendant, Louis Laritson, as driver of an automobile owned by the defendant, Tidewater Associated Oil Co., drove said automobile from a private roadway, owned and maintained by defendant Tidewater at its Drumright Oil Refinery Plant, into and upon State Highway 27 into the path of plaintiff's 1955 Ford automobile, in which plaintiff was proceeding south on said highway, thereby causing plaintiff's said automobile to be overturned, resulting in injury and damage to plaintiff's person and to his car. Plaintiff charges defendants with three specific acts of negligence which he alleges caused the accident; First, driving at an unreasonable rate of speed in violation of 47 O.S.1951 § 121.3(a); Second: Failing to yield the right-of-way in violation of 47 O.S.1951 § 121.6(d); and, Third: Failing to stop at the stop sign at the intersection of State Highway 27 and the private driveway of defendant Tidewater. Defendants' answer was in effect a general denial together with specific denials of the alleged acts of negligence, pleas of contributory negligence on the part of plaintiff and unavoidable casualty. Plaintiff's reply, dictated into the record at the time of trial was a general denial, making up the issues.

The cause was submitted to a jury, resulting in a verdict and judgment in favor of the plaintiff, against the defendants, in the sum of $2,500.

Defendants present several assignments of error in their motion for a new trial and petition in error, but argue only, that the evidence fails to establish any negligence on the part of defendants and motion for a directed verdict.

It is too well settled to require the citation of authorities that if there is any material evidence to support a verdict in favor of plaintiff, when considered most favorably to plaintiff's contentions, that it becomes a question of fact to be submitted to the jury under proper instructions. It is equally well settled in this state that where there is no conflict in the evidence, when considered most favorably to plaintiff's case, and it appears that the defendants were not guilty of any negligence, and that reasonable minds could reach but one conclusion, it then becomes a question of law for the court. This proposition has been so frequently before this court and other jurisdictions and is so well settled that it would but further burden this opinion by citing and discussing the cases so holding. After all, the question must be answered under the peculiar facts of each case. Thus the only question for our determination is whether or not there was any material evidence tending to show negligence upon the part of the defendants.

The record discloses, that on August 3, 1955, at approximately 12:15 o'clock A.M., the plaintiff was driving his 1955 Ford automobile south on State Highway No. 27, approaching a point where defendant, Tidewaters' private roadway intersected said highway on the right or west side thereof. The point of intersection is approximately 400 feet south of the crest of a steep hill on Highway 27. The private roadway is not visible to southbound traffic from the north slope of said hill but is visible from the crest of the hill. The defendant, Laritson, an employee of Tidewater, drove the Tidewater automobile from the private roadway into and upon said highway, and according to his testimony and the testimo-

ny of a passenger with him the lights of plaintiff's automobile at this time were not visible to them, although they could see light reflections apparently from plaintiff's automobile headlights upon the telephone wires. Their testimony was further to the effect that when the Tidewater automobile reached a point approximately in the center of the highway, they observed the lights of plaintiff's automobile suddenly appearing over the hill and bearing down upon them at a high rate of speed. They further placed the defendant automobile on the east side of the highway prior to plaintiff's arrival at the point of the accident. Plaintiff's testimony was to the effect that he was traveling at from 50 to 55 miles per hour; that when he reached a point on said highway from 50 to 100 feet south of the crest of the hill he first observed defendant's automobile; that it was apparently moving northeast across the highway with its bumper just east of the center of the highway and its rear wheels just off the private roadway on the west edge of the highway; that he immediately decelerated his car thinking the defendant's automobile would move on across the road; that it did not so move, and when it was apparent that it was not going to get out of his way, he attempted to drive to its right and rear to avoid a collision; that in so doing his automobile entered the north edge of the private road, traveled on across the roadway into the bar ditch south of said roadway, where it overturned on its top, slid 120 feet south and across the highway, striking a tree on the east side of the highway where it came to rest upright on its wheels. Plaintiff's further evidence related to minor physical injuries, medical expenses and damages to his automobile.

No necessity exists for an extended résumé of the evidence, which was in direct conflict on several vital points. The evidence was such the jury reasonably could have inferred the defendant, Laritson, drove the Tidewater automobile onto the highway and into the path of plaintiff's vehicle under circumstances creating a sudden emergency, thereby causing plaintiff to choose the only course apparently open, in an effort to avoid the collision and resultant damages.

In Barr v. Auto Convoy Co., Okl., 280 P.2d 714, 715, this court held:

"A demurrer to the evidence admits every fact which the evidence reasonably tends to prove and all inferences and conclusions which can be reasonably and logically drawn therefrom. If there is a conflict the evidence that is unfavorable to the party against whom the demurrer is directed is to be considered withdrawn. If reasonable men may fairly differ as to whether the facts constitute negligence, the question is one for the jury."

Simpson v. White, 195 Okl. 375, 157 P.2d 913, holds:

"A motion to direct a verdict admits all of the facts and inferences to be drawn therefrom in favor of the party against whom the motion is directed, and leaves for consideration only such evidence as is favorable to the party against whom such motion is directed."

We are therefore unable to agree with the defendants' contention that there is a complete failure of proof of primary negligence on the part of defendants. To the contrary, we conclude that plaintiff's evidence was sufficient to require its submission to the jury on the questions and issues involved, and the court's action overruling defendants' demurrer to the evidence and motion for an instructed verdict was not error.

Judgment affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Reed and approved by Commissioners Crawford and Nease, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.