## Case No. 13,157.

### SOFIELD v. SOMMERS.

[9 Ben. 526.] [1]

District Court, E. D. New York. May, 1878.

SHIPPING—VESSEL BURNED AT PIER—WATCHMAN—EXPLOSION OF GAS.

Where the fumes of crude petroleum, carried in a tank on a lighter used in the oil trade, escaped into a locker, which locker—there being no watchman on board when the lighter lay one night with other vessels at a pier in Jersey City—was forced open during the night by a thief, who exploring the locker with a lighted match, set fire to the gas and caused an explosion and a fire, whereby the lighter and the libellant's lighter that lay alongside were destroyed: Held, that the escape of gas into the locker was an accident, and the presence of a lighted match in the locker not the natural result of the absence of a watchman. Between the act of omission charged upon the defendant, and the explosion, there intervened an independent human agency, the presence of which had no natural relation to any act of the defendant, and which therefore entailed no responsibility upon the defendant for the explosion.

[This was a libel by Charles Sofield against George Sommers to recover damages for injury done to plaintiff's vessel.]

Beebe, Wilcox & Hobbs, for libellant.
J. J. Allen, for respondent.

BENEDICT, District Judge. The defendant was the owner of a lighter called the Competitor, used for transporting petroleum about the harbor. On the evening of July 28, 1875, this lighter, having on board a deck-load of refined petroleum in barrels, was moored for the night at a certain wharf and there left without a watchman on board. After the lighter was moored the libellant's boat came to the same wharf and made fast for the night a short distance from the lighter. During the night a violent explosion occurred on the defendant's lighter by which not only that vessel but also the libellant's boat was set on fire and destroyed. This action is brought to recover of the defendant the amount of the loss thus occasioned to the libellant.

In behalf of the libellant it is claimed that it was negligence on the part of the defendant to leave his lighter without a watchman, and that the destruction of the libellant's boat resulted from that negligence of the defendant. According to the evidence and the admitted facts, the explosion was caused by the act of a thief who brought a lighted match in contact with explosive gas in the hold of the lighter.

[1] [Reported by Robert D. Benedict. Esq., and Benj. Lincoln Benedict. Esq., and here reprinted by permission.]

It appears that below the deck of the lighter was a tank used for transporting crude petroleum, and separated from the tank was a sort of cabin or locker used for storage of rope, &c. The connection with the hold was by hatches, which hatches were, on this occasion, left securely locked. The thief broke off the lock which fastened the hatch leading to the cabin or locker, and the inference is that he used a lighted match to examine the contents of the locker, and that the flame of the match came in contact with explosive gas that by some means had got into the cabin from the tank where it had been generated from the crude petroleum with which the tank had been filled the day before. There is no testimony showing how the gas escaped into the cabin, nor any testimony to show that the presence of gas in the cabin was caused by any neglect on the part of the defendant. It does not appear that the presence of explosive gas in the cabin was to have been expected or that it was known to any one.

Upon, these facts it must be held that no want of due precaution against fire on the part of the defendant has been shown. The escape of gas into the cabin was accidental, and the presence of a flame in that locality was caused by the act of a thief who was compelled to force the locks before he could reach the place where the gas happened to have accumulated. But it is said no precaution was taken to prevent the access of the thief, and this is negligence that renders the defendant liable for all that followed. To sustain this position it must be held that the natural result of the absence of a watchman was the presence of the thief; that the natural result of the presence of a thief was the presence of a lighted match; and that a lighted match in that locality would naturally result in an explosion.

But the presence of a thief with a lighted match cannot be said to be the natural result of an absence of watch. Between the act of omission charged upon the defendant, and the explosion, there intervened an independent human agency, the presence of which has no natural relation to any act of the defendant, and for which he is not therefore responsible. The unlawful act of the thief, whose presence was neither caused nor procured by the defendant, not the omission of the defendant to maintain a watch, was the immediate cause of the explosion, and an explosion resulted from the act of the thief by reason of the accidental circumstance that, unknown to any one, explosive gas had passed into the cabin. The damage of which the libellant complains arose from a combination of circumstances and must be considered to have been accidental, so far as the defendant is concerned.

The libel must be dismissed with costs.