## CITY OF TULSA v. WILKIN.

No. 33569. Feb. 21, 1950.

*214 P. 2d 944.*

R. L. Davidson, Jr., John T. Harley, B. M. Risinger, Robert L. Wheeler, Chas. R. Bostick, Remington Rogers, A. M. Widdows, and Dean H. Smith, all of Tulsa, for plaintiff in error.

M. C. Spradling, of Tulsa, for defendant in error.

ARNOLD, V. C. J. This is an appeal by the city of Tulsa from an order sustaining a general demurrer to its petition against Frank S. Wilkin and from judgment dismissing its action.

The city's petition alleged that in 1944, Frank S. Wilkin was engaged in doing civil engineering work for the city of Tulsa at its municipal airport; that while so engaged he was struck and injured by a U. S. Army truck necessitating hospitalization and medical attention; that thereafter, to enable Mr. Wilkin to present his claim for said injuries to the War Department of the United States, the city commissioners of the city of Tulsa authorized the advancement for his benefit of the various amounts due by him to hospitals, doctors and nurses; that these advances were made during July, August, and September, of 1944; that Wilkin orally promised to reimburse the city if, as, and when he received payment from the U. S. Government; that in each instance the person holding the claim against Mr. Wilkin executed an assignment thereof to him and the city acknowledging full payment; that there are 16 of these assignments in identical form except as to name of the assignor and the amount and in each it is stated that the assignment is made to enable the assignee "to ask, demand, collect compound and to prosecute any suit or proceedings therefor, and to file claim against the Secretary of War therefor, under the provisions of the Act of Congress approved July 3, 1943, or any amendments thereto"; that said defendant thereafter, pursuant to the provisions of an Act of Congress, filed claim with the War Department of the United States for reimbursement of said sums upon the representation that he had actually incurred and paid the same and the said defendant received from the War Department of the United States full payment therefor in the sum of $1,793.95, but refused to reimburse the city.

The last-stated allegation was stricken on motion of defendant.

Plaintiff prayed for judgment for $1,-793.95 with interest thereon at 6 percent per annum from the respective dates shown by the assignments.

The general demurrer admitted all facts well pleaded. If they stated a cause of action, then the order of the trial court sustaining the general demurrer and dismissing the action upon refusal of the city to plead further was erroneous and requires a reversal of the case. On the point the defendant first contends that the petition of plaintiff discloses that the defendant was engaged in an employment enumerated in section 2 of the Workmen's Compensation Law, to wit: "construction and engineering works . . . construction of public roads . . ."; that the advances made were for nursing, hospital, and doctor bills; that under the Workmen's Compensation Law the plaintiff was legally bound to pay for such services; and that there was, therefore, no consideration for the contract to reimburse the city.

This proposition and defendant's contention thereunder clearly involve a question of mixed law and fact which cannot be determined on demurrer.

Defendant's second proposition reads:

"Oral agreement to repay was invalid for lack of power of plaintiff to enter into such an agreement and being invalid as to one of contracting parties is also invalid as to other."

In support of this proposition defendant relies upon the general rule which has been generally applied to individuals contracting with each other. The only authority from this court relied upon by defendant in support of this proposition is the case of Field v. City of Shawnee, 7 Okla. 73, 54 P. 318. The decision of the court in that case is based upon a federal statute which prohibited the use of funds of a municipality for the purpose of making a "subscription to the capital stock of any incorporated company, or company or association having corporate powers, or in any manner loan its credit to or use it for the benefit of any such company or association." In that case the city of Shawnee had contracted to pay for personal services in appearing before the Secretary of the Interior to obtain from him a ruling authorizing a railroad company then in process of construction to build its line of road through or near the city of Shawnee. The case is not in point. This court, in the case of Columbia Ins. Co. v. Board of Education of Joint School Dist. No. 1, Pontotoc, Johnston, and Coal Counties, 185 Okla. 292, 91 P. 2d 736, announced the applicable rule here adversely to defendant's contention. The defendant may not escape his liability by asserting the invalidity of the contract by reason of lack of power of the city to enter into it. Although the act of the city in making the payments for the use and benefit of defendant was ultra vires, he is estopped to deny its power after receiving the benefits. See, also, 38 A. J. sec. 514, p. 191.

As heretofore noted, certain language in the third paragraph of plaintiff's petition was stricken by the trial court on motion of the defendant. We are of the opinion that this language was pertinent to the object and purpose stated in each of the assignments and was germane to plaintiff's cause of action. The action of the trial court in striking this language in the third paragraph of plaintiff's petition was erroneous and the order should be vacated.

The judgment of the trial court is reversed, with directions to vacate its order sustaining the general demurrer and dismissing the action.