WILCOX OIL CO. v. BRADBERRY.

No. 34992.   June 2, 1953.

*257 P. 2d 1096.*

Horace B. Clay, Tulsa, for plaintiff in error.

James F. Haning, Wewoka, for defendant in error.

PER CURIAM. This is an action wherein Alton Bradberry, as plaintiff, sought to recover from Wilcox Oil Company, a corporation, damages for the destruction of a tractor and plow by a fire. The fire had been set out by plaintiff and had gotten out of control. Plaintiff left the field wherein he was plowing, drove his tractor and plow to the pasture where the fire was then burning, and started to plow furrows or a fire guard ahead of the fire in order to stop the fire. While engaged in this plowing to stop or head off the fire, the plow struck the pipe line, stalled the tractor and broke the pipe line from which oil sprayed out around and on the tractor. Before plaintiff could get the tractor started again the fire overtook the tractor and the tractor and plow were destroyed.

It was stipulated by the parties in the trial of the case that the easement for the pipe line, among other things, provided that said pipe line "shall be buried to such a depth as not to interfere with the ordinary cultivation of said land".

The plaintiff as a lessee of the premises had been living on said leased premises for five or six years. The point where the pipe line was struck was in the pasture and was not in cultivation, or at least was not in cultivation in the sense that it was being plowed annually.

It appears from the evidence that the pipe line where it crossed the land which was in cultivation, that is, plowed from year to year, was buried to a depth not to interfere with ordinary cultivation of the land. Where the pipe line crossed the pasture it had not been placed beneath the ground. In some places it was not covered, in some places it was partly covered, and in other places completely covered by weeds and grass.

A jury trial of the issues resulted in a verdict of $600 in favor of plaintiff as against the Wilcox Oil Company, a corporation. From a judgment based thereon, the defendant has perfected this appeal.

It is conceded by plaintiff in error that a violation of the provision to bury the pipe line to a depth not to interfere with ordinary cultivation would be primary negligence, but in this connection contends that the provision does not apply to pasture land. We do not agree. The provision makes no such exception. It was the duty of defendant to bury its pipe line to the required depth without regard to whether the land was cultivated or pasture land.

In substance, plaintiff in error argues that its failure to bury the pipe line to a depth that would not interfere with ordinary cultivation of the land on a hillside in the pasture where the land had never been cultivated or plowed only served to furnish the opportunity for injury and was not the proximate cause; that the injury could not have occurred except for the independent act or acts of defendant in error in setting out a fire to burn off some high weeds and grass on a part of the farm land on a windy day which got out of control and which defendant in error was trying to stop by plowing a fire guard on the hillside pasture land; that the act of the defendant in error in setting the fire to burn off some high weeds and grass so that the land could be plowed, the fire getting into the pasture, and the plowing of a fire guard in front of the fire to head it off, amounted to an independent, intervening, unrelated, extraordinary and unexpected act and superseded the primary negligence.

It cannot be said that setting a fire on one's own premises to burn off high

grass and weeds in order to cultivate the land better is wrongful; neither can it be said that when a fire gets into the pasture land that the owner or tenant does not have the right to plow a fire guard ahead of the fire in order to stop it, though to do either under certain circumstances might constitute negligence. In the face of primary negligence proximately related to the injury on the part of plaintiff in error such negligence would present only a question of contributory negligence.

In the case of the City of Altus v. Wise, 193 Okla. 288, 143 P. 2d 128, it was said:

"However, in order to relieve the one guilty of the first act of negligence of responsibility, the intervening cause must entirely supersede the original negligence. In other words, it must be independent of the original act and adequate of itself to bring about the injurious result. * * *

"* * * It is enough if it could have been reasonably expected that a cause would intervene in a way likely to produce an injury similar to that actually suffered."

In St. Louis-S.F. Ry. Co. v. Gilbert, 185 Okla. 591, 95 P. 2d 123, it was said:

"* * * In other words, an intervening cause will not relieve from liability where the prior negligence was the efficient cause of the injury. The test is not to be found in the number of intervening events or agencies, but in their character and in the natural connection between the wrong done and the injurious consequences, and if the injury is the natural and probable consequence of the original negligent act or omission, and is such as might reasonably have been foreseen as probable, * * * liability attaches."

Plaintiff in error in its brief cites the case of Norman v. Scrivner-Stevens Co., 201 Okla. 218, 204 P. 2d 277, and quotes extensively from the body of the opinion. It is pointed out in this case that:

"Another consideration always to be given to the question of whether negligence is the proximate cause of an injury is whether such negligence as the efficient cause was connected with another cause to produce the injury, or whether the injury resulted from the intervention of some new and independent cause, which was neither anticipated nor reasonably foreseeable, and which operated independently of the original negligence and without which the injury would not have occurred."

In Norman v. Scrivner-Stevens Co. the original or primary negligence was not connected with the cause which resulted in the injury.

In this case the original or primary negligence is directly connected with the acts resulting in the injury.

It seems to us that any injury resulting from the collision with the pipe line at a point where it was not buried to a depth that would not interfere with the ordinary cultivation of the premises in any ordinary or necessary work on the premises was contemplated by the parties, else it would not have been provided in the lease that the pipe should be buried to a depth not to interfere with ordinary cultivation of the land.

We have considered the instructions as a whole and believe they sufficiently instruct the jury as to the law upon the issues involved.

The testimony as to the reasonable market value of the tractor and plow at the time of their admitted destruction shows somewhat vaguely their condition at the time of the fire and the value of such equipment in the condition described, and reasonably supports the verdict and judgment based thereon which is less than any estimated value.

Affirmed.

This Court acknowledges the services of Attorneys Richard L. Wheatley and Riley Q. Hunt, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, ap-

proved by the Judicial Council, and appointed by the Court.

HALLEY, C.J., JOHNSON, V.C.J., and CORN, DAVISON, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.