Phyllis P. BRODSKY, Plaintiff in Error,

v.

The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a corporation, et al., Defendants in Error.

Marion BRODSKY, Plaintiff in Error,

v.

The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a corporation, et al., Defendants in Error.

No. 39113.

Supreme Court of Oklahoma.

Dec. 19, 1961.

Rehearing Denied Jan. 23, 1962.

Application for Leave to File Second Petition for Rehearing Denied Feb. 20, 1962.

against the defendant, Atchison, Topeka and Santa Fe Railway Company, and in the trial court defendant's demurrers to the petitions were sustained upon the ground there were no sufficient allegations of proximate cause. Plaintiffs have appealed. Since in all pertinent details the petitions were the same, the cases are argued and considered together here.

When the sufficiency of a petition is challenged by a demurrer thereto, such petition must be liberally construed in favor of the plaintiff, and all facts well pleaded together with all inferences which may be reasonably drawn therefrom must be taken as admitted to be true for the purpose of the demurrer. Crews v. Garber, 188 Okl. 570, 111 P.2d 1080.

Considered in the light of the above rule, the petitions here allege that Brodsky and his wife were driving west in a line of traffic, on a heavily travelled Tulsa street, approaching the railroad crossing, when the switch engine of defendant, approaching from the north, emerged suddenly from behind an earthen embankment on the right of way of defendant which obstructed the view of plaintiff Brodsky and the drivers behind him. The intersection was not guarded by automatic signalling devices, nor by the statutory "cross-bar" warning signs. No whistle or bell was sounded as required by statute.

When the switch engine appeared suddenly in front of him from its concealed position, Brodsky "made a sudden emergency stop". He was successful in bringing his automobile to a stop before it struck the switch engine, but his automobile was "immediately" struck from the rear by one driven by Blankenship, whose car was in turn struck from the rear by one driven by Allen. Blankenship and Allen were not defendants in the cases.

On appeal plaintiffs argue four propositions. Since the fourth one is decisive here, we will not consider the first three.

The fourth proposition is that "The proximate cause of the injuries to the plaintiffs were the acts of the defendant railroad

Landrith & McKee, Tulsa, for plaintiffs in error, W. Timothy Dowd, Tulsa, of counsel.

Rainey, Flynn & Welch, Oklahoma City, for defendants in error.

JACKSON, Justice.

Marion Brodsky and his wife were injured as a result of an accident at a railroad crossing on a heavily travelled Tulsa street. They filed their separate action for damages

which set into motion the chain of circumstances leading to such injuries". We construe this as an argument that the petitions here contained allegations sufficient to show proximate cause.

■ The court's finding that there was no sufficient showing of causal connection between defendant's negligence and plaintiffs' injuries was apparently based upon a conclusion that defendant only created a "condition" making the accident possible, and that a subsequent intervening force superseded defendant's negligence and was itself the proximate cause of the accident. However, a subsequent intervening force is not *always* sufficient to relieve defendant from liability for his primary negligence. See Oklahoma Natural Gas Company v. Courtney, 182 Okl. 582, 79 P.2d 235, 236, wherein this court held:

"Where there is an intervening, responsible agency, which directly produces the injury, as in this case, the question as to whether the original negligence is to be regarded as the proximate cause of the injury, or only as a condition, or remote cause, is to be determined by ascertaining whether the agency which intervened was of such a character, and the circumstances under which it occurred were such, that it might have been reasonably expected that such agency or a similar one would intervene in such a way as to be likely to produce an injury similar to the one actually caused [by it]. If, under the circumstances, the intervention of such an agency in the manner stated might reasonably have been expected in the usual course of events, and according to common experience, then the chain of causation, extending from the original wrongful act to the injury, is not broken by the independent, intervening agency, and the original wrongful act will be treated as the proximate cause."

Pursuant to the above rule, it was error to sustain the demurrers to the petitions here. Common experience indicates that

in the usual course of events, when a switch engine emerges suddenly and without warning from a concealed position and enters a railroad crossing unprotected by warning signs or signals, on a busy metropolitan street, a chain of "rear-end" accidents such as those set out in the petitions here is likely to occur. The circumstance that there was no physical contact between the switch engine and plaintiffs' automobile is of no consequence—under the rule above stated, defendant's negligence is still the proximate cause, or a concurring cause.

. A substantially similar situation was considered by this court in Yellow Transit Freight Lines v. Allred, Okl., 302 P.2d 985. In that case, plaintiff was driving east toward a narrow bridge, and defendant's truck was approaching the bridge from the east, coming toward plaintiff. As defendant's truck entered the bridge, it drove to the left of the center line; plaintiff therefore stopped her car to let the truck pass, and it was struck from the rear by another truck. Her car was shoved forward and against defendant's truck as it continued in a westerly direction. Defendant argued that the efficient cause of the accident was not defendant's negligence, but was the force applied by the second truck which struck plaintiff's car from the rear. In rejecting such argument, this court cited a rule from Wilcox Oil Co. v. Bradberry, 208 Okl. 546, 257 P.2d 1096, substantially similar to the one quoted above from Oklahoma Natural Gas Co. v. Courtney.

In support of its argument that no proximate cause is shown under the pleadings concerned, defendant cites language from the body of the opinion in Norman v. Scrivner-Stevens Co., 201 Okl. 218, 204 P.2d 277. However, the language quoted by defendant includes the requirement that the "subsequent independent" agency, to relieve defendant of liability for his primary negligence, must have been "unforeseeable". In the case before us, the subsequent intervening force should have been anticipated by the defendant as likely to follow the original negligence, according to common ex-

perience. Norman v. Scrivner-Stevens Co., supra, is therefore not applicable.

Defendant next cites Oklahoma Power & Water Co. v. Howell, 201 Okl. 615, 207 P.2d 937. In that case, defendant's trucks were blocking the highway when they were struck by plaintiff's truck. However, it was shown that plaintiff's driver observed the blocked highway early enough to have stopped easily (which is not the case here) but could not do so because of the defective condition of his own truck. The case is therefore not in point. In the instant case, if plaintiff had made a normal stop under normal conditions then the demurrer to the petitions might have been well taken. But such is not the case; he was required by the negligence of defendant to make an emergency stop, as were the drivers behind him, under conditions that the defendant should have anticipated.

Defendant also cites Booth v. Warehouse Market, Okl., 286 P.2d 721; Safeway Stores, Inc. v. Musfelt, Okl., 349 P.2d 756; and City of Okmulgee v. Hemphill, 183 Okl. 450, 83 P.2d 189. These were all cases in which a subsequent *independent* act of an intervening agency operated to relieve defendants of liability. In all of them, the defendant's negligence was shown to have no connection whatsoever with the manner of operation of the automobile driven by the person whose intervening negligence caused the injury. The same cannot be said in the instant case. Here, plaintiffs, and the drivers of the two automobiles behind them, all had to make emergency stops due to the negligence of defendant. The emergency stops made by all three drivers cannot be said to be *independent* of defendant's negligence; to the contrary, they were the direct result of it, and would not have been made had not the switch engine appeared suddenly and without warning at the railroad crossing.

■■ Pursuant to the rule quoted herein from Oklahoma Natural Gas Company v. Courtney, 182 Okl. 582, 79 P.2d 235, we hold that defendant was not relieved of liability for its primary negligence by a subsequent, independent intervening force which it should have anticipated as likely to follow in the usual course of events. It follows that the chain of causation was not broken, and defendant's negligence was the proximate cause of plaintiffs' injuries.

■ We hold that insofar as proximate cause is concerned, the petitions here state causes of action. Since they are not challenged in any other particular, the demurrers thereto should have been overruled. City of Tulsa v. Wilkin, 202 Okl. 431, 214 P.2d 944.

The judgment of the trial court is reversed with directions to vacate its order sustaining the demurrers and to reinstate the petitions.

BLACKBIRD, V. C. J., and HALLEY, IRWIN and BERRY, JJ., concur.

WILLIAMS, C. J., concurs in result.

DAVISON and JOHNSON, JJ., dissent.

JOHNSON, Justice (dissenting).

I respectfully dissent to the majority opinion.

This court has said:

"Where the admitted facts fail to show a causal connection between the acts of negligence and the injury alleged to have resulted therefrom, the existence of proximate cause is a question of law for the trial court."

See Sturdevant v. Kent, Okl., 322 P.2d 408; Cheatham v. Van Dalsem, Okl., 350 P.2d 593, and Billy v. Texas, O. & E. R. Co., Okl., 263 P.2d 187.

There is no conflict in the evidence since the only facts are those alleged in the petitions. The sole question for determination is: Were the negligent acts of the defendant as alleged the proximate cause of the injury?

The pertinent allegations of the petitions are contained in numerical paragraph VI as follows:

"That plaintiff, perceiving the said condition of danger, caused by said defendants and each of them as aforesaid, made a sudden emergency stop to avoid collision with the said defendant Atchison, Topeka and Santa Fe Railway Company's switch engine and was immediately struck from the rear by a vehicle operated by one Blankenship who was then struck by a vehicle operated by one Margaret Lee Allen, said collision throwing the said plaintiff against the steering wheel of the said vehicle and back against the seat and causing him injuries and damages as more particularly hereinafter set out."

There are two petitions filed in these consolidated actions, but inasmuch as the allegations of negligence are the same in both we shall consider only one of these petitions.

We have held that proximate cause must be the efficient cause. Hunter Construction Co. v. Watson, Okl., 274 P.2d 374.

This court has held that where the negligence complained of merely furnishes a condition by which injury is made possible and subsequent independent action causes the injury, the existence of such condition is not the proximate cause. City of Okmulgee v. Hemphill, 183 Okl. 450, 83 P.2d 189; Jafek v. Public Service Co. of Oklahoma, 183 Okl. 32, 79 P.2d 813, and Phillips Petroleum Co. v. Robertson, 207 Okl. 80, 247 P.2d 501.

If an intervening negligent action entirely supersedes the original act of negligence, the causal connection between the first negligent act and the injury is destroyed. Stout v. Rutherford, Okl., 341 P.2d 266.

Analyzing the particular allegations of the plaintiff's petition, it specifically states that plaintiff's car was "immediately struck from the rear by a vehicle operated by one Blankenship * * *." Obviously, the stop made by plaintiff was an emergency stop making it impossible and unnecessary for plaintiff to give any stopping signal. 5 Am.Jur., par. 349, pg. 445. Emergency stops are events which must be anticipated by following cars. No doubt this was the reason that subsection (a) of Sec. 121.3, 47 O.S.1951 as amended 1953 and 1955, was enacted. The pertinent part of such section reads:

" * * * and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead; * * *."

This statute provides that the violation of any of the provisions of this section is a crime and punishable by a fine or imprisonment.

It is obvious from the allegations of the petition that the driver of the car approaching from the rear was driving in disregard of this statute, i. e., at a speed which would not allow him to stop within the assured clear distance ahead (that between him and the car in front) or that he was negligently disregarding what occurred (the emergency stop of the car in front).

Either of these conditions constituted negligence on the part of the driver of the car following. The statute was enacted for the very purpose of assuring that a car following had distance enough to stop, and emergency stops must always be anticipated. Especially is this true in approaching a railroad crossing.

In the State of Washington there is apparently no statute such as quoted above, and in spite of such statutory absence, I think the Supreme Court of that state laid down the correct rule in the case of Miller v. Cody, 41 Wash.2d 775, 252 P.2d 303, 305, where it said in the body of the opinion:

"Where two cars are traveling in the same direction, the primary duty of avoiding a collision rests with the following driver. In the absence of an emergency or unusual conditions, he is negligent if he runs into the car ahead. Tackett v. Milburn, 36 Wash.2d 349, 218 P.2d 298. The following driver is not necessarily excused even in the event of an emergency, for it

is his duty to keep such distance from the car ahead and maintain such observation of that car that an emergency stop may be safely made. Ritter v. Johnson, 163 Wash. 153, 300 P. 518, 79 A.L.R. 1270; Larpenteur v. Eldridge Motors, Inc., 185 Wash. 530, 55 P.2d 1064; Cronin v. Shell Oil Co., 8 Wash. 2d 404, 112 P.2d 824."

In the case of Cronin v. Shell Oil Co., 8 Wash.2d 404, 112 P.2d 824, 828, one of the cases cited in the Miller case, supra, the court said in the opinion:

"In the case of Ritter v. Johnson, 163 Wash. 153, 300 P. 518, 520, 79 A.L.R. 1270, it appeared that the defendant (appellant before this court) was traveling at thirty miles an hour, two car lengths behind another car. There was considerable traffic on the road, and we held that, under the circumstances, the defendant 'was required to maintain careful and continual observation of the car ahead of him in order to avoid a collision with that machine.' We stated: 'The rule laid down by this court equally requires the driver of an automobile to keep such distance from a car ahead of him and maintain such observation of such car that an emergency stop may be safely made.' The judgment against the defendant was affirmed."

This same opinion quotes from Blashfield on Automobile Law as follows:

" 'A motorist has right to follow another motorist at reasonable and safe distance. However, he must govern his speed or keep back a reasonably safe distance so as to provide for the contingency of a car in front suddenly stopping, maintaining a proper lookout for the car immediately preceding him, and so that he can stop without a collision, or can turn out sufficiently to pass the vehicle in front without going across the street in the way of traffic approaching from the opposite direction, as that will naturally result in collision with such traffic.' "

I think the rule quoted above about emergency stops is much stronger where a statute such as our own exists.

Again, attention should be called to the fact that the statute referred to is a criminal statute. It is well settled that an intervening criminal act between the injury and the negligence destroys the causal connection, for the negligent actor is never required to anticipate the performance of a criminal act. In 38 Am.Jur. on Negligence, Sec. 71, it is said:

"Wrongful acts of independent third persons, not actually intended by the defendant, are not regarded by the law as natural consequences of his wrong, and he is not bound to anticipate the general probability of such acts, any more than a particular act by this or that individual. *The rule applies a fortiori to criminal acts.* Therefore, as the facts are ordinarily against a defendant presented, no recovery can be allowed for an injury which resulted from the criminal act of a third person, although there existed at the time a condition which made the act possible or less difficult to accomplish, and which was produced by the negligence of the defendant." (Emphasis ours.)

This text is sustained by many authorities, apparently without dissent, in 78 A.L.R. 472.

There is support for this in the decisions of this court. In the case of Stephens v. Oklahoma City Ry. Co., 28 Okl. 340, 114 P. 611, 615, 33 L.R.A.,N.S., 1007, this court said:

" * * * The mere fact that the concurrent cause or intervening act was unforeseen will not relieve the defendant guilty of the primary negligence from liability; but, if the intervening agency is something so unexpected or extraordinary as that he could not or ought not to have anticipated it, he will not be liable and certainly he is not bound to anticipate the criminal acts of others by which damage is inflicted, and hence is not liable there-

for. 29 Cyc. 501–512; Sofield v. Sommers, 9 Ben. 526, Fed.Cas. No. 13,157; Andrews v. Kinsel, 114 Ga. 390, 40 S.E. 300, 88 Am.St.Rep. 25."

Under the allegations of the petition it is evident that the negligence of the driver of the car following entirely superseded that of the railroad and destroyed the causal connection between defendant's negligence and the injury, and that such negligence of the driver in the rear was the proximate cause of the injury and not that of the railroad.

I believe the judgment of the trial court should be affirmed, and I therefore respectfully dissent.