William R. SOPER, Plaintiff in Error,

v.

ENID HOTEL COMPANY, Inc.,
Defendant in Error.

No. 39602.

Supreme Court of Oklahoma.

May 14, 1963.

Rehearing Denied June 25, 1963.

Berry & Berry, by Howard Berry, Jr., Oklahoma City, for plaintiff in error.

Fenton, Fenton, Smith & McCaleb, by Edgar Fenton, Oklahoma City, for defendant in error.

## 8

PER CURIAM.

Plaintiff in Error, hereinafter referred to as plaintiff, commenced an action for damages against the defendant for personal injuries allegedly sustained by him while he was a paying guest at defendant's hotel. The trial court sustained defendant's motion to strike paragraphs four and five of plaintiff's amended petition and sustained defendant's demurrer. The plaintiff excepted and elected to stand on his amended petition. Thereupon the trial court dismissed the action and plaintiff perfected this appeal.

The issues are whether the defendant's motion to strike certain allegations from the amended petition should have been sustained and whether the plaintiff's amended petition stated a cause of action against the defendant.

Plaintiff alleged, inter alia, that he was occupying a room in defendant's hotel as a paying guest; that in accord with the room service program of defendant, defendant sold and caused to be delivered to him a bottle of soft drink; that defendant was acting by and through its agents and employees; that after plaintiff accepted delivery of the bottle of soft drink it exploded in his hands and inflicted certain described injuries; that the injuries were caused by the negligence and carelessness of the defendant; and that the extent of the injuries damaged him in a certain amount.

In paragraph four of the amended petition, which was stricken by the trial court, plaintiff alleged defendant accepted delivery of a wholesale lot of bottled soft drink for resale to its customers; that such wholesale lot of soft drink was overcharged with carbonic gas and other ingredients, including liquid and sugar which caused fermentation and expansive pressure within the bottles of sufficient force and strength to cause the bottles to explode, break and shatter, and which caused a danger and hazard; that defendant had actual notice of a continuing series of breaks and explosions of the bottles in such wholesale lot and which

continuing breaks and explosions occurred in the presence of its employees and other guests of the hotel and which occurrences were reported to the management of the hotel by such employees and guests. Notwithstanding such notice and its ability to foresee, with the exercise of ordinary care and diligence, the risk and danger to its guests and customers, if exposed to bottles from such shipment, the defendant continued to keep them in stock and to sell and deliver them to customers.

In the fifth paragraph of the amended petition which was stricken by the trial court, plaintiff alleged that defendant was guilty of carelessness and negligence to directly and proximately cause his injury and damage in that it sold and delivered to him, for a valuable consideration a dangerously charged bottle of soft drink, which defendant knew or should have known, by and with the exercise of ordinary care and diligence, that the same was dangerously charged with carbonic gas and fermentation gas and was not reasonably safe for delivery to him; that it failed and neglected to warn plaintiff of the danger and hazard of explosion of the bottle of soft drink; that defendant knew, or should have known by and with the exercise of ordinary care and diligence that the bottle was apt to break and explode and that such bottle so delivered constituted a continuing danger to him.

Defendant proposes that the amended petition does not contain allegations of fact but merely conclusions and that no facts are alleged from which it may be inferred that defendant knew or should have known that the bottle of soft drink was defective or overcharged.

In Morriss v. Barton, 200 Okl. 4, 190 P.2d 451, we held:

"The ultimate issuable facts only, as distinguished from evidentiary facts and conclusions of law, must be pleaded. Probative facts requisite to prove ultimate facts need not, and ordinarily should not, be pleaded."

In Wallace v. Williams, Okl., 313 P.2d 784, we held:

"As against a demurrer, a petition must be liberally construed, and all of its allegations of fact must be taken as true, together with all reasonable inferences therefrom. If any fact stated therein entitled the plaintiff to any relief, the demurrer should be overruled."

Both briefs contain considerable discussion as to the degree of care the defendant owed to plaintiff. Since the trial court sustained a demurrer to the petition, we find it unnecessary to discuss the degree of care an innkeeper owes to its guest in the instant action as we find the allegations were sufficient in this regard.

In considering paragraphs four and five of plaintiff's amended petition we find that they contained allegations of certain ultimate issuable facts which were pertinent and germane to plaintiff's cause of action. As a matter of fact the allegations contained therein as to how defendant knew or should have known that the bottles were overcharged and might explode or break were responsive to defendant's motion to make the original petition more definite and certain. Therefore, the action of the trial court in striking all of paragraphs four and five of the amended petition was erroneous and should be vacated. See City of Tulsa v. Wilkin, 202 Okl. 431, 214 P.2d 944.

In examining the entire amended petition we find, inter alia, that plaintiff alleged the delivery of the defective bottle of soft drink; that defendant knew or should have known by the exercise of ordinary care and diligence that the same was defective and dangerous, and why the defendant knew or should have known the same; that defendant failed and neglected to warn plaintiff of the hazard and danger of the defective bottle of soft drink. The petition further alleged the negligence of the defendant, the proximate cause of the resulting injuries sustained by the plaintiff and the duty owed by the defendant to the plaintiff.

Construing the entire amended petition liberally, which we must do when we consider a demurrer thereto, and taking into consideration all the allegations of fact as true together with all reasonable inferences therefrom, we can only conclude that plaintiff's amended petition stated a cause of action against the defendant.

The cause is therefore reversed and remanded with instructions to the trial court to vacate its order dismissing the action and sustaining the demurrer to the petition and striking paragraphs four and five of the amended petition. The trial court is further directed to reinstate the cause of action and take such other action as may be necessary.

HALLEY, V. C. J., and WELCH, DAVISON, JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.

The Court acknowledges the aid of Supernumerary Judge LESLIE W. WEBB, in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.