Chole REED, Plaintiff in Error,

v.

FIRST NATIONAL BANK OF WAGONER, Defendant in Error.

No. 40730.

Supreme Court of Oklahoma.

July 13, 1965.

Wheeler & Wheeler, Tulsa, for plaintiff in error.

Rhodes, Crowe, Hieronymus, Holloway & Wilson, Tulsa, by J. R. Settle, Muskogee, for defendant in error.

HODGES, Justice.

The plaintiff in error, hereinafter referred to as plaintiff, filed her action in the district court of Wagoner County, Oklahoma, seeking judgment against the defend-

ant bank for personal injuries. The petitioner alleged that she was an invitee of defendant and after the transacting of her business she was leaving the premises when she was injured by the negligence of defendant in the following manner:

"A. The door departing from said bank, and which plaintiff used as aforesaid, is raised two steps above the outside level of the sidewalk, and is so constructed that the same opens inward into said bank requiring the departing customer to pull said door inward in order to depart from the bank. It is so constructed that it has a handle on the inside for opening and has a brace bar on the outside for the use of customers entering the bank and departing therefrom. There is no handrail provided on the outside of the door along the steps for the use of customers departing therefrom and the only means of support provided is the brace bar located on the outside of the door as aforesaid. Defendant, therefore, knew or should have known that plaintiff might probably be precipitated by a jerk on the inside of said door by another customer, and was negligent in failing to provide handrails or other means for its customers to steady and brace themselves in negotiating said steps departing the bank.

"B. Said bank was negligent in so installing said door that the same opened to the inside without providing means for safe exit therefrom for its customers' safety, and particularly this plaintiff."

To this petition the defendant filed its answer pleading a general denial, contributory negligence, trivial defect and unavoidable casualty.

Plaintiff filed a general denial by way of reply.

Upon the issues thus joined, trial was had before the district judge, a jury having been waived. At the conclusion of the evidence for plaintiff the trial court sustained a demurrer to the evidence and entered judgment for defendant. After the overruling of the motion for new trial, this appeal followed.

The facts revealed by the evidence are undisputed and may be summarized as follows:

The accident occurred on January 4, 1961, on a cold, dry day at about 2 P.M. The door to the bank is glass and swings inward. It has a rail across the outside and the floor level of the bank is two steps above the sidewalk level. The entrance to the door is flanked on east side by stone pillars and bases upon which the pillars rest. The plaintiff was on the outside of the door leaving the bank with a hand upon the bar across the door, when another customer inside pulled the door open, causing plaintiff to lose her grip on the door and fall, resulting in the injuries about which complaint is made. Plaintiff was on the lower step when injury occurred. She had banked with defendant since 1956, and had been in the bank two or three times before. She had hold of the bar with her left hand and was facing sideways.

The sole complaint registered in the trial court as to the negligence of defendant is revealed by this statement of counsel:

"It is also her testimony that the only hand-hold available to her was the cross bar across the front of the door and if she had not had to use that as a hand-hold that this accident would not have occurred. That if there had been any other hand-hold provided that she would not have fallen when Mrs. Ford jerked the door open."

Thereafter the court sustained the demurrer to the evidence.

The operation of a bank is upon the same legal plane as any commercial store insofar as its liability for negligent injury to an invitee, and this plaintiff was an invitee.

The rule governing such situation is set forth in the court syllabus of Safeway Stores, Inc., v. McCoy, Okl., 376 P.2d 285, as follows:

"The invitee assumes all normal or ordinary risks attendant upon the use of the premises, and the owner or occupant is under no legal duty to reconstruct or alter the premises so as to obviate known and obvious dangers, nor is he liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of ordinary care.

"It is the duty of a store owner to keep the premises reasonably safe for invitees. This duty applies to conditions which are in the nature of hidden dangers, traps, snares or pitfalls that are not known or observed by invitees."

That the situation here was obvious and that there were no hidden dangers, traps, snares or pitfalls not known to this invitee.

In the Safeway case, supra, this court quotes with approval from the New Mexico case of Seal v. Safeway, 48 N.M. 200, 147 P.2d 359, wherein it is said:

"Counsel for plaintiff, if we correctly appraise their position, concede it to be a well established rule of law that it is not negligence to maintain, under appropriate circumstances, different levels in approaches to such places of business, or even within such stores; and they are correct in this assumption. The rule is very well established both as to change of elevations and use of stairways. See Watkins v. Piggly Wiggly Bird Co., 8 Cir., 31 F.2d 889; Boyle v. Preketes, 262 Mich. 629, 247 N.W. 763; Albachten v. Golden Rule, 135 Minn. 381, 160 N.W. 1012; Dickson v. Emporium Merc. Co., 193 Minn. 629, 259 N.W. 375; Haddon v. Snellenburg, 293 Pa. 333, 143 A. 8; Main v. Lehman, 294 Mo. 579, 243 S.W. 91; Matson v. Tip Top Groc. Co., 151 Fla. 247, 9 So.2d 366.

\* \* \* \* \* \*

" 'The drop in elevation of some 3 or 4 inches from the paved walk to the paved parking space, where plaintiff was walking at the time of the accident, cannot be said to present a hidden or concealed danger for any person using it in broad daylight especially, and keeping a reasonable watch as to where he is walking, and with no unreasonable distractions. Certainly plaintiff, upon entering or leaving a store of this character, and undertaking to walk through and upon the parking grounds, must take notice that such changes in elevations are not uncommon and are to be expected.' "

Again in the case of Pruitt v. Timme, Okl., 349 P.2d 4, a somewhat similar situation is considered and in the fourth paragraph of the syllabus by the court this court said:

"As a matter of law, absence of handrails from an ordinary stairway, walled on both sides, is not actionable negligence, though such condition may be termed improper construction practice."

We see no appreciable difference between walls mentioned therein and the pillars and brick work in the instant case revealed by the pictures in the record. In the body of the opinion in the Pruitt case, supra, it is said:

"As a matter of law absence of handrails from an ordinary interior stairway, walled on both sides, is not actionable negligence. 38 Am.Jur. Negligence, Sec. 102; Walimaa v. Maki, 163 Minn. 352 [353], 204 N.W. 25, 41 A.L.R. 965. \* \* \*"

The plaintiff further contends on appeal that the act of Ophelia Ford in opening the door was clearly foreseeable and that the defendant Bank could have anticipated the plaintiff's fall, citing for authority Sand Springs Railway Co. v. Cole, Okl., 279 P.2d 938; Brodsky v. Atchison, Topeka & Santa Fe Railway Co., Okl., 368 P.2d 852; Oklahoma Natural Gas Co. v. Courtney, 182

Okl. 582, 79 P.2d 235, and Wilcox Oil Co. v. Bradberry, 208 Okl. 546, 257 P.2d 1096.

In Brodsky v. Atchison, Topeka & Santa Fe Railway Co., supra, we quoted with approval Oklahoma Natural Gas Co. v. Courtney, supra, wherein we said:

" 'Where there is an intervening, responsible agency, which directly produces the injury, as in this case, the question as to whether the original negligence is to be regarded as the proximate cause of the injury, or only as a condition, or remote cause, is to be determined by ascertaining whether the agency which intervened was of such a character, and the circumstances under which it occurred were such, that it ·might have been reasonably expected ·that such agency or a similar one would intervene in such a way as to be likely to produce an injury similar to the one actually caused (by it). If, under the circumstances, the intervention of such an agency in the manner stated might reasonably have been expected in the usual course of events, and according to common experience, then the chain of causation, extending from the original wrongful act to the injury, is not broken by the independent, intervening agency, and the original wrongful act will be treated as the proximate cause.' "

In each of the above cited cases the intervening cause was preceded by an original act of negligence. We having determined that in the instant case there was no original act of negligence by the defendant, the intervening act by a third person in opening the door of the bank would be a sole and independent act with no causal connection and one which could not have been anticipated.

The bar across the door was inserted for the purpose of opening the door into the bank and not as a handrail for support in descending the steps. From an observation of the picture introduced in evidence and statement of the trial judge the two steps in question could not have been more than 4 or 5 inches in height. The plaintiff was on the first step when the door was opened. In view of these facts the defendant could not reasonably be expected to foresee or anticipate that the plaintiff while on the first step going down would use the bar across the door as a handrail support when the steps were walled on both sides.

We are of the opinion, and hold, that the evidence of plaintiff failed to establish primary negligence on the part of defendant.

The judgment of the trial court is affirmed.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, BERRY and LAVENDER, JJ., concur.

IRWIN, J., concurs in result.