James H. WARRAM, Grady D. Harris, Jr., and Oscar V. Rose, Trustees of the Oklahoma County Utility Services Authority, Plaintiffs in Error,

v.

BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY, The Town of Valley Brook, The City of Bethany, The City of Warr Acres and The Town of Spencer, Beneficiaries of said Trust, Defendants in Error.

No. 39037.

Supreme Court of Oklahoma.

Dec. 13, 1960.

As Amended Jan. 6, 1961.

 

Leon S. Hirsh, James C. Harkin, Oklahoma City, for plaintiffs in error.

David C. Shapard, Town Atty. of Valley Brook, Oklahoma City, Wilbert G. Smith, City Atty. of Bethany, Oklahoma City, Edward W. Smith, City Atty. of Warr Acres, Oklahoma City, Lester Suenram, Town Atty. of Spencer, Oklahoma City, for defendants in error.

Edward H. Moler, Municipal Counselor, Oklahoma City, Donald L. Cooper, Assistant Municipal Counselor, Oklahoma City, amici curiae.

JACKSON, Justice.

This is an appeal by the trustees of The Oklahoma County Utility Services Authority from judgment of the District Court of Oklahoma County, Oklahoma, authorizing and directing said trustees to implement proposals to furnish water and sanitary sewerage services to the citizens of Oklahoma County residing in the corporate limits of Spencer, Oklahoma.

The action was brought by the trustees and municipalities desiring trust services under provisions of 60 O.S.1951 § 175.23, which vests in the district court original jurisdiction to construe the provisions of any trust instrument; to determine the law applicable thereto, and the powers, duties and liability of trustees.

 The sole question presented for our determination on this appeal is whether said trust may legally furnish water and sanitary sewerage services to the Town of Spencer without obtaining a franchise from the qualified electors thereof.

The Oklahoma County Utility Services Authority was created in 1955 for the primary purpose of instituting, furnishing, providing and supplying services and physical facilities in unincorporated areas of Oklahoma County, for the safeguarding of public health and welfare. We upheld validity of said trust in Board of County Commissioners of Oklahoma County v. Warram, Okl., 285 P.2d 1034.

Because of the growing demand of smaller municipalities of Oklahoma County for assistance in obtaining modern utility services, the trust, at the request of the towns of Valley Brook and Spencer, the cities of Bethany and Warr Acres, and several other smaller municipalities, executed a supplement to the original trust instrument on November 20, 1959, enlarging the trust purposes to enable it to furnish throughout Oklahoma County any services and facilities formerly authorized only in unincorporated areas, if such might be an authorized county function. On November 23, 1959, the Board of County Commissioners of Oklahoma County accepted beneficial interest under the original trust as supplemented. A few days later, the governing bodies of the towns of Valley Brook and Spencer, and of the cities of Warr Acres and Bethany accepted beneficial interest under such trust as supplemented.

The town of Spencer is an incorporated municipality in Oklahoma County. It has no public sanitary sewerage facilities, and its public water system serves only that portion of the town which is commonly referred to as "the original townsite".

During the past several years, Spencer has experienced a rapid growth in population, and several real estate developments have been commenced within the corporate limits of the town some distance from "the original townsite", which are of considerable potential economic and civic benefit. The lack of adequate water and sewerage facilities is hampering the progress of these developments, in rendering loan commitments more difficult to obtain, and in deterring purchases of residences.

The trustees have had engineering and financial surveys made to determine the feasibility of complying with the request of the governing body of Spencer to construct, install and operate a complete sanitary sewerage system and to extend the present water system. The surveys indicate that the total cost of such facilities can be liquidated from net revenues in a period of from thirty to thirty-five years

without substantially increasing the rates and charges hereinafter mentioned, but that any lesser period would require an increase in said rates and charges to a level which would deter use of the facilities and render the entire project ineffectual. Therefore, if a franchise from the qualified electors of Spencer is required, the twenty-five year limitation imposed by Art. 18, Sec. 5(a), Oklahoma Constitution, would probably be an insurmountable obstacle to the implementation of the project.

Under the proposals, all installations would be made with the title thereto vested in the town of Spencer and leased back to the trust for a term of 50 years, with right of renewal for a like term, or less if all indebtedness shall have been liquidated. Operation and maintenance of the said installations would be performed by an independent contractor whose compensation would be paid solely from revenues of the installations and without any obligation of the trust or of the town. The gross revenues would be allocated substantially, as follows: not to exceed 45% to operation and maintenance expense, not to exceed 45% for payment of principal and interest on the trust obligations, and not less than 10% (from which may be deducted the town of Spencer's proportionate share of the annual general administrative expenses of the trust, ratably apportioned among all trust beneficiaries) to be distributed annually to the town, exclusive of requested surcharges of not more than $2 a month per single family residential unit for sewerage service and the usual and customary rates for water, unless the town shall request surcharges to be added to said rates and charges in order to provide municipal revenues in addition to obligatory distributions of surplus net profits to the town as a trust beneficiary.

We agree with the contention of plaintiffs in error that the terms and provisions of the trust proposals in the instant case are significantly different from those we considered in State ex rel. Williamson v. Garrison, Okl., 348 P.2d 859.

In the Garrison case it was contemplated that properties of the trust would operate as one unit in perpetuity, or practically so. Each beneficiary was authorizing the trust to use its streets for the benefit of all other beneficiaries and not for the exclusive benefit of the municipality which elected to become a beneficiary. In the instant case the utilities installed in the town of Spencer would be used for the exclusive benefit of Spencer and all revenues therefrom would be specifically segregated for the exclusive benefit of Spencer. Furthermore, in the Garrison case, the indenture granted trustees all powers necessarily incident to constructing, maintaining and operating a gas utility, and provided that the beneficiaries should have no legal title, claim or right to the trust estate, or any part thereof. In addition, the beneficiaries, by accepting the trust, surrendered all power to regulate the charges made for the utility services provided by the trust. In Garrison, we held that the acceptance of the trust by municipalities would constitute the granting of a franchise without a vote of the qualified electors and a surrender of the power to regulate charges, in violation of Art. XVIII, Secs. 5(a) and 7 of the Oklahoma Constitution.

Under the proposals in the instant case, the title to all installations would be vested in the beneficiary Town of Spencer and leased back to the trust for a term of 50 years, with right of renewal for a like term, or less, if all indebtedness shall have been liquidated, and the Town of Spencer would reserve substantial control over the rates and charges to be made for the utility services.

In Meder v. City of Oklahoma City, Okl., 350 P.2d 916, we determined the validity of trust proposals essentially similar to those in the instant case. After observing that Article XVIII, Sec. 6, Oklahoma Constitution, authorizes every municipal corporation to engage in any business or enterprise which may be so engaged in by any person, firm or corporation by virtue of a franchise, we noted that it was not contended therein that a city would be

required to obtain a franchise to operate its own utility.

At page 922 of the opinion, we said:

"Our Legislature undoubtedly shares our view that a franchise is not necessary when a city-owned utility is operated by a lessee."

We pointed out in our opinion that the provisions of 11 O.S.1951 § 442, a *sale* of a public utility by a municipality is conditioned upon a franchise being granted by a vote of the people, but that said statute does not provide that a *lease* of a public utility is conditioned upon a franchise.

We held, in paragraph two of the syllabus:

"When a city by valid agreement leases its sanitary sewer system to the trustees of a charitable public trust, and by the agreement the city will ultimately become the owner of all extensions thereof, and the system together with the extensions are to be operated within said city, there is no requirement of law that such operation must be authorized by franchise; and such leasing and operation does not constitute the granting of any formal franchise."

That rule is applicable in the instant case.

Under provisions of 11 O.S.1951 § 441, as amended, no public utility owned by any municipal corporation organized and incorporated under the laws of this State where the actual cash value thereof is in excess of $5,000, shall be sold, conveyed, leased or otherwise disposed of, by the governing body of such municipality, unless such sale, lease, conveyance, or other disposal of such utility shall be authorized by the vote of more than 50 per cent of the qualified voters of such municipality, voting at an election to be held for such purpose. Section 446 of said title provides that the governing body of any *city of the first class, when authorized by its charter*, may sell, convey or lease any public utility owned by such municipality without the calling of an election as provided in Section 441.

At page 921 of the opinion in Meder v. City of Oklahoma City, supra, we said:

"Since Section 1, Article 1, of the Charter of Oklahoma City gives the City the power to lease its property, and Section 19, Article 2, of the charter gives the City Council all legislative power, and there being no contention that the plaintiff or the intervenor seek, or have sought, any relief under the Initiative and Referendum provisions of the Oklahoma Constitution, we must conclude that the City Council was authorized to execute the lease in question without first having submitted the question to a vote of the people, irrespective of whether the City Council was acting in a legislative or administrative capacity. Since the Oklahoma City charter authorizes its governing body to lease the properties of the City, 11 O.S.1951 § 441, as amended, does not apply. 11 O.S. 1951 § 446, specifically so provides."

In the instant case the trial court adjudged that the trustees may construct, install and operate the proposed utilities without the necessity of obtaining a franchise from the qualified electors of the Town of Spencer. In directing the trustees to put their proposals into effect, however, there is the implication that nothing further remains to be done. The record before us does not disclose whether the lease agreement between the Town of Spencer and the trust has been authorized by the vote of more than 50 per cent of the qualified voters of Spencer. The Town of Spencer does not have a charter. Therefore, any lease of a public utility by it must be authorized by the qualified voters thereof. 11 O.S.1951 § 441, as amended. If this has not been done, it should be done, as provided by law.

We conclude and hold that a franchise is unnecessary under the facts presented in this case, conditioned, of course, that the trust will install and operate the utilities under a lease authorized by more than 50 per cent of the qualified voters of the Town of

Spencer at an election held for that purpose.

This opinion should not be construed as approving all of the conclusions of law of the trial court, some of which we consider too broad and unnecessary to the decision herein.

The judgment as modified is affirmed.

WILLIAMS, V. C. J., and WELCH, HALLEY, and JOHNSON, JJ., concur.

BLACKBIRD, IRWIN and BERRY, JJ., concur by reason of stare decisis.