Leota M. WILLIAMS, Plaintiff,

v.

W. Lee JOHNSON, Judge of the District Court, Tulsa County, Oklahoma, Defendant.

No. 41002.

Supreme Court of Oklahoma.

July 28, 1964.

C. Lawrence Elder and Frasier & Mefford, Tulsa, for plaintiff.

Ben L. Murdock, LeRoy Blackstock, and John L. Arrington, Jr., Tulsa, for defendant.

WILLIAMS, Justice.

Plaintiff, Leota M. Williams, initiated this original action seeking a writ of prohibition directed to defendant W. Lee Johnson, Judge of the District Court of Tulsa County. The real object of the proceeding is to challenge the constitutionality of Senate Bill No. 267 of the Twenty-ninth Oklahoma Legislature (20 O.S.1963 Supp. §§ 951–966). There is no question but that this Act was not treated, published nor passed as the Constitution requires in the case of a local or special law.

■ The defendant does not oppose plaintiff's request that this Court assume jurisdiction. Due to the public character and importance of the question, we have decided to do so.

On the 7th day of November, 1963, plaintiff filed in the District Court of Tulsa County a petition for divorce being cause No. D–84002.

On April 24, 1964, defendant herein advised the parties to said cause No. D–84002 that "he would issue an order referring said case to the Director of Conciliation Department in accordance with the provisions of 20 Oklahoma Statutes, 1963, Section 953." Plaintiff asks that such district judge be directed "to desist and refrain from issuing the order referring said case

to the Director of Conciliation Department".

Defendant argues that "the District Court Conciliation Department Act should be upheld as merely an integral part of a district court engrafted by the Legislature and, as such, not subject to the strictures of the Constitutional provisions forbidding 'local' or 'special' legislation". We do not agree.

Subsection (c) of section 1 of the Act provides:

"In any county having a population of more than 200,000 and less than 400,000, as shown by the last preceding Federal Decennial Census or by any succeeding Federal Decennial Census, there shall be established a Conciliation Department of the district court as authorized hereby if the district judge (or if there is more than one district judge, a majority of the district judges) of the judicial district in which such county is included determines that the existence of one or more of the conditions described in subsection 1(a) above in such county make the establishment of such a Conciliation Department desirable and executes a certificate to that effect, which certificate shall be filed with the court clerk of such county. Upon the filing of such certificate, the Conciliation Department of the district court of such county shall come into existence."

It is to be noted that Senate Bill No. 267 attempts a classification of counties upon the basis of population. We take judicial notice of the fact that there is only one county of the State, according to the 1960 Federal Decennial Census, having a population of more than 200,000 and less than 400,000. That is Tulsa County with a population of 346,038.

Thus, it is apparent that the act in question was designed to have effect only in Tulsa County. If effective at all, its provisions can and will affect that county only, with the same result in that regard as if the act specifically had named Tulsa County

rather than attempting a classification by population.

In Wilkinson v. Hale, 184 Okl. 165, 86 P.2d 305, 307, we stated:

"It is not essential in order that a law be general in its operation as distinguished from local or special that it be universal in its application and operate the same in every section of the state and upon all persons, individuals or corporations alike. On the contrary the legislature may classify for legislative purposes, but a classification so adopted must be neither arbitrary or capricious and must bear a reasonable relation to the object to be accomplished. * * *"

In the case of Oklahoma City v. Excise Board of Oklahoma County, 193 Okl. 189, 141 P.2d 805, in the second paragraph of the syllabus, we held:

"Where an Act of the Legislature excepts from the operation of the general laws of this State one or more counties without any fixed basis for such discrimination and no good reason is shown why all should not be subject to the same rule, it is invalid under Section 59, Article 5, of the State Constitution, which provides laws of a general nature shall have uniform operation throughout the State. Hudgins v. Foster, 131 Okl. 90, 267 P. 645."

The case of Key v. Donnell, 107 Okl. 157, 231 P. 546, 549, contains the following language:

"It is well settled in this state, and we think every state in the union with a similar constitutional provision, when the Legislature attempts to legislate upon any subject, and makes classification by reference to population, that classification must be a legitimate one, and bear some reasonable relation to the subject-matter, and must not be an arbitrary or capricious classification and used as a subterfuge for the purpose of passing a special law under the form of a general law. * * *"

The real question is whether the classification in this case is arbitrary, unreasonable or capricious, and used as a subterfuge for the purpose of passing a special law in the purported form of a general act.

In the case of Haas v. Holloman, Okl., 327 P.2d 655, 659, we said:

"Where a statute operates upon a class, the classification must not be capricious or arbitrary and must be reasonable and pertain to some peculiarity in the subject matter calling for the legislation, as between the persons and places included within the operation of the law and those omitted, there must be some distinctive characteristic upon which a different treatment may be reasonably founded and that furnished a practical and real basis for discrimination. Roberts v. Ledgerwood, supra."

Since the act here involved apparently applies to Tulsa County only, we may then inquire as to whether there is any reasonable basis for the district court of that county having a "Conciliation Department" and the District Court of Oklahoma County, which county had a 1960 population of 439,506, not having such a department.

We here note that the Legislature as a part of the act presently under consideration made certain determinations of fact calling for the passage of the legislation above quoted. The first section of Senate Bill No. 267 (Section 951(a)) is of provision as follows:

"In view of the continually increasing number of divorces granted in the counties of this state having populations in excess of 200,000, the often permanent harm worked upon the lives of the children of such terminated marriages, the burdens placed upon the courts of such counties by the trial and decision of such divorce cases, and the continuing necessity of enforcing orders and decrees entered therein, and the heavy expenditures from the welfare funds of this state resulting from the frequent necessity of aiding wives

and children after the termination of such marriages, and the fact that all of these problems are much more acute in the counties of this state having a population in excess of 200,000, it is hereby declared that such counties should be permitted to make available marriage counseling and conciliation procedures through the medium of a Conciliation Department of the district court for the purpose of effecting the reconciliation of spouses and reducing the number of divorces, all as hereinafter provided."

As between Oklahoma and Tulsa counties there appears no characteristic difference upon which varying treatment may be reasonably founded, and which would furnish a practical and real reason for the attempted distinction.

Section 59, Article V of the Oklahoma Constitution provides:

"Laws of a general nature shall have a uniform operation throughout the State, and where a general law can be made applicable, no special law shall be enacted."

As we view it, the act here involved violates that part of said section which requires that laws of a general nature shall have uniform application throughout the State.

In the third paragraph of the syllabus in Barrett v. Board of Com'rs of Tulsa County, 185 Okl. 111, 90 P.2d 442, we held:

"Local or special laws are all those that rest on a false or deficient classification. Their vice is that they do not embrace all the class that they should naturally embrace. They create preference and establish inequality. They apply to persons, things, and places possessed of certain qualities or situations and exclude from their effect other persons, things, or places which are not dissimilar in this respect."

■■ We are of the opinion that the population classification attempted in Senate Bill No. 267 is insufficient to constitute a

522 ■ 

good or sound basis for the creation in the District Court of Tulsa County of a "Conciliation Department" and. the denial of such a department to the District Court of Oklahoma County. We determine that such attempted classification destroys any characteristic which would establish the act in question as a general law having "uniform operation throughout the State". Such act being a local and special law and not a general law is, therefore, in violation of the Oklahoma Constitution, Article V, Sections 32, 46 and 59.

Writ granted.

HALLEY, V. C. J., and DAVISON, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.