488

Alfred REED, Jr., et al., Plaintiffs in Error,
v.
Richard W. LOCK, Defendant in Error.
No. 41138.

Supreme Court of Oklahoma.
Jan. 12, 1965.

Leon S. Hirsh, James C. Harkin and Paul Johanning, Oklahoma City, John R. Wallace, Charles C. Chesnut and Frank W. Nesbitt, Miami, for plaintiffs in error.

Riley Q. Hunt, Dennis E. Beauchamp, Jay, for defendant in error and cross-appellant.

JACKSON, Vice Chief Justice.

In the trial court, plaintiff Richard W. Lock filed a petition asking for injunctions against one of the defendants, the Grove Municipal Services Authority, to prevent said Authority from operating water and sewer systems within the town of Grove, Oklahoma; and preventing it from completing the construction of, operating and maintaining a natural gas distribution system within said town. Lock's petition consisted of a general attack upon the validity of the Authority as a public trust.

Thereafter the Authority filed an answer setting out in detail the facts surrounding its creation and its activities in connection with the furnishing of water, sewerage and

natural gas distribution services in the town of Grove. It also filed a cross petition in which it asked that the court construe the trust instrument and determine the law applicable thereto, and determine the existence or non-existence of certain facts, and that the court approve and find valid and effective all of the actions of the trustees of the Authority, pursuant to 60 O.S. 1961, § 175.23. Because the construction of the natural gas transmission and distribution system for the town of Grove was a joint project in which the Northeast Oklahoma Gas Authority and the towns of Afton and Fairland were also interested, those towns and the trustees of Northeast were made parties defendant in the action.

At the trial, the plaintiff offered the testimony of the president of the board of trustees of the town of Grove, the Town Clerk of the town of Grove, and two of the trustees of the Grove Municipal Services Authority. The defendants offered the testimony of the plaintiff, Mr. Lock, two other trustees of the Authority, and the financial legal counsel of the Authority. Numerous documentary exhibits were received in evidence by stipulation of the parties. In general, these exhibits may be said to be a complete documentary history of the Authority and its actions in connection with the furnishing of utility services in the town of Grove.

There is little dispute as to the facts and no necessity to detail them in this opinion. The trial court made findings of facts and conclusions of law generally favorable to defendants and against plaintiff, and entered judgment in accordance therewith. Both plaintiff and defendants gave notice of intention to appeal, the plaintiff electing to appeal by casemade, and the defendants choosing the speedier method of appealing upon the original record. The appeal now under consideration is the one filed by defendants, in which the plaintiff filed a cross appeal.

In this court, the defendants complain of certain factual omissions from the findings of fact by the trial court in their favor. These matters may fairly be said to be immaterial and they are not seriously urged or argued in defendant's brief, most of which is devoted to an effort to support and sustain the judgment of the trial court. We will therefore consider the propositions presented in opposition to the trial court's judgment in the brief of plaintiff.

In his first proposition, plaintiff says that the question of his right to bring his action for the injunctions is not an issue in this appeal since the defendants filed a cross petition in the court below, and asked for, and obtained, affirmative relief. He says that all of the issues which he wishes to present may be argued in connection with the appeal from the judgment obtained by defendants on their cross-petition. Assuming this to be true, we find it unnecessary for us to determine whether plaintiff had a right to bring his action.

Plaintiff's other two propositions are substantially the same except that one attacks the right of the Authority to operate water and sewerage systems in the Town of Grove (which it has been doing for several years) and the other attacks the right of the Authority to complete the construction of, operate and maintain a natural gas transmission and distributing system. As is evident, the gas system was under construction at time of trial and had not yet been placed in operation.

The line of argument is the same under each proposition. It is simply that in order to operate the utility systems the Authority must have "one of two things: a valid franchise or a valid lease." The Authority has no franchise to operate any utility systems in the Town of Grove. In Meder v. City of Oklahoma City, Okl., 350 P.2d 916, we held that the lessee of a city-owned utility is not required to obtain a franchise to operate a city-owned utility within the corporate limits of the city. In Warram v. Board of County Com'rs of Oklahoma Co., Okl., 358 P.2d 222, we held that a lease of a public utility must be authorized by the vote of more than fifty per cent of the qualified voters of a municipality voting at

**490**

an election as required by 11 O.S.1951, as amended, where the municipality has no charter authorizing its governing body to execute a lease.

In Warram, supra, the town of Spencer owned a water system and the trustees of a public trust *proposed* to extend the water system and to install and operate a completely new sanitary sewerage system to be owned by the town of Spencer. In that case it was not contended that the cash value of the existing water system was less than $5,000.00, and we concluded that if the voters had not approved the lease of the water and sewerage facilities it should be done under the provisions of 11 O.S.1951, § 441, as amended.

In the instant case the evidence shows that the water system, at the time it was leased by the governing body of the town of Grove to the Authority, had a value of less than $5,000.00, and sewerage facilities and gas distribution systems were non-existent.

While it is unnecessary to determine whether voter approval is necessary in this case, it may be that such approval is not required where a lease is executed upon a non-existing facility. In 60 O.S.1961, § 176, a special statute (not considered in Warram, supra), it is provided in substance that the officers of governmental agencies having custody or control of any property of the beneficiary which is needful for the execution of the trust purposes, are authorized to lease such property for said purposes.

The relief sought in the instant case is an injunction to prevent the Grove Municipal Services Authority, a public trust, from operating water, sewerage and natural gas transmission and distribution systems in the town of Grove. Under the facts in this case it is apparent that the water and sewerage systems have been in operation by Authority since the latter part of 1957. Large sums of money have been invested in these facilities.

The gas distribution system is being built with funds advanced by the Authority and a federal grant, with the town furnishing no funds at all. When the system is completed, title will vest in the town subject to existing mortgages, and subject to the lease executed by the town's governing body. Substantial sums of money have already been invested in the gas distribution system, and other substantial obligations have been incurred. The multiple beneficiary problem does not exist in this case. Unlike State ex rel. Williamson v. Garrison, Okl., 348 P.2d 859, the town of Grove is the sole beneficiary of the gas distribution system in the town of Grove, and no other municipality served by Northeast Oklahoma Gas Authority can become the owner of any part of the system located in Grove.

The evidence does not disclose that the plaintiff and the people of Grove have been deceived or misled in any way as to any of the transactions between the town of Grove and the Grove Municipal Services authority. The evidence shows that in 1956, in connection with the water and sewerage systems, and in 1963, in connection with the gas system, the people of Grove approved the incurring of bonded indebtedness by the Authority at advisory elections held pursuant to Art. VII(b) of the Declaration of Trust. These elections were preceded by widespread newspaper publicity and planned campaigns by civic committees in which there was a full disclosure of all the facts to the people.

The trial court, among other things, found:

"Both causes of action of the Plaintiff are without equity in that plaintiff has been guilty of laches in unreasonably delaying the institution of the action while the defendants were expending large sums of money upon reliance upon the validity of their actions, the plaintiff being aware of their said reliance and actions for an unreasonable period time prior to the commencement of this action. Nickel v. Janda, 115 Okl. 207, 242 P. 264; City of Tulsa v. Wilkin, 202 Okl. 431, 214 P.2d 944."

Further in this connection see Oklahoma City v. Pratt, 185 Okl. 637, 95 P.2d 596; 30 C.J.S. Equity § 112; Dunavant v. Evans, 191 Okl. 208, 127 P.2d 190; Black v. Geissler, 58 Okl. 335, 159 P. 1124; and Maney v. Oklahoma City, 150 Okl. 77, 300 P. 642, 76 A.L.R. 258.

In a cause of equitable cognizance, the presumption is in favor of the trial court's judgment, and such judgment will not be disturbed on appeal unless against the clear weight of the evidence. Moree v. Moree, Okl., 371 P.2d 719. We have carefully examined the record in this case and are unable to say that the judgment of the trial court is against the clear weight of the evidence.

The judgment of the trial court is affirmed.

HALLEY, C. J. and DAVISON, WILLIAMS, BLACKBIRD, IRWIN and BERRY, JJ., concur.