The OKLAHOMA COUNTY UTILITY SERVICES AUTHORITY, a Public Trust, James H. Warram, Dr. Roy B. Cantrell and J. B. Estes, Petitioners,

v.

The CORPORATION COMMISSION of the State of Oklahoma, Earl A. Hamilton and Metropolitan Utilities Company, a Corporation, Respondents.

No. 44221.

Supreme Court of Oklahoma.

Dec. 15, 1970.

Hirsh, Johanning & Hudson, Oklahoma City, for petitioners.

Wilbert G. Smith, Oklahoma City, for amicus curiae, City of Bethany.

Roy H. Semtner, Municipal Counselor, James R. Fuson, Asst. Municipal Counselor, Oklahoma City, for amicus curiae, City of Oklahoma City.

Thomas G. Smith, Purcell, for amicus curiae, City of Purcell, Oklahoma.

J. B. Marshall, Edmond, for amicus curiae, Oklahoma Municipal League.

Andrews, Mosburg, Davis, Elam, Legg & Kornfeld by William J. Legg and A. P. Murrah, Jr., Oklahoma City, for amicus curiae, Oklahoma City Municipal Improvement Authority.

Ted Pool, Del City, for amici curiae, City of Del City and Del City Municipal Services Authority.

David Ross, Newkirk, of counsel, Maurice Merrill, Norman, Marland Johnson, Ponca City, for amicus curiae, Oklahoma Assn. of Municipal Attorneys.

Jack A. Swidensky, Gen. Counsel, for respondent, Oklahoma Corp. Commission.

W. M. Allen, Oklahoma City, for respondent, Metropolitan Utilities Co.

JACKSON, Justice:

The question for decision in this original action is whether the Oklahoma Corporation Commission has any jurisdiction or regulatory control over The Oklahoma County Utility Services Authority. The Authority is a public trust organized under the laws of the State of Oklahoma for public purposes and functions as set forth in the Declaration of Trust and as autho-

rized by the provisions of 60 O.S.1961, Secs. 176 to 180, inclusive.

On May 1, 1970, the Corporation Commission issued an order to the Oklahoma County Utility Services Authority and to Metropolitan Utilities Company directing them to show cause why they should not be subject to the general regulatory jurisdiction of the Oklahoma Corporation Commission. The Authority filed a motion to vacate the order and dismiss the proceeding as to it upon the ground that the Commission had no jurisdiction over the Authority or its operations. That motion was denied by the Commission on May 8, 1970, and this original action was filed by The Oklahoma County Utility Services Authority in this court on May 11, 1970, requesting this court to assume original jurisdiction and prohibit the Commission from proceeding further against the Authority. Metropolitan Utilities Company is not a petitioner for affirmative relief in this Court, and is therefore not involved in this decision.

The Commission has constitutional authority to exercise jurisdiction over all transportation and transmission companies doing business in this State. Art. 9, Sec. 18, Okla. Constitution. The Authority is not engaged in the transportation or transmission business but is furnishing water for domestic use in Oklahoma County and to municipalities in Oklahoma County who have accepted a beneficial interest in the trust (The Oklahoma County Utility Services Authority). Board of County Commissioners v. Warram, Okl., 285 P.2d 1034; Warram v. Board of County Commissioners, Okl., 358 P.2d 222. The Legislature is authorized to expand the jurisdiction of the Corporation Commission. Art. 9, Sec. 19, Oklahoma Constitution.

By the provisions of 17 O.S.1961, Sec. 152, enacted in 1913, the Corporation Commission was given jurisdiction over all "public utilities." In the same Act, 17 O.S.1961, Sec. 151, "public utility" as defined, includes the transportation, delivery or furnishing of water for domestic purposes.

However, that section (Section 151) specifically excludes from the definition of public utility cities, towns, and other bodies politic, that may own, operate, or manage any plant or equipment for public use. Thus Section 152 confers no jurisdiction upon the Corporation Commission to supervise a municipally owned water distribution system furnishing water for domestic purposes.

Our attention is invited to 79 O.S.1961, Section 4 (enacted 1908) wherein it is provided in substance that any business having a virtual monopoly and in which the service provided is used by the public, is a public business and is subject to being controlled by the Corporation Commission, or by an action in the District Court.

It is recognized that the Authority has a virtual monopoly in the area where it provides water for domestic purposes. Its services are used by the public, and its activities are of public consequence. It is a public business, or a business effected with a public interest. The same may be said of a city owned and operated water distribution system.

Trusts for furtherance of public functions were specifically authorized by the Legislature in 1951. 60 O.S.1961, Secs. 176–180, inclusive. Counties and municipalities are authorized to become the beneficiaries of a trust where the purpose of the trust is the furtherance of any authorized function of the county or municipality. 60 O.S.1961, Sec. 176, 285 P.2d 1034, supra. The trustees of a trust created for the furtherance of public functions are "an agency of the State and the regularly constituted authority of the beneficiary (county or municipality) for the performance of the functions for which the trust shall have been created." 60 O.S.1961, Sec. 179. The instrument creating a trust for the furtherance of public functions may provide for the appointment, succession, powers, duties, term and compensation of the trustees. 60 O.S.1961, Sec. 178. The terms of the instrument will control (Sec.

178), at least where legal and not contrary to public policy. Where the trust instrument makes no provision in regard to the foregoing the general laws of the State will control as to such omissions. 60 O.S.1961, Sec. 178.

The result to be reached from the Commission's advocacy is that the Legislature created "an agency of the State" (the trustees) and gave that agent the authority to perform the functions for which the trust was created and at the same time left the newly created agency under the control of another state agency, the Corporation Commission. We do not believe the Legislature so intended.

Sections 176–180, inclusive, of Title 60 O.S.1961, Supra, are supplementary to the Oklahoma Trust Act, 60 O.S.1961, Secs. 175.1–175.53 (enacted 1941). Since Sections 176–180 are silent as to what tribunal may hear complaints regarding the administration of these trusts it must be assumed the Legislature intended that the district courts would exercise judicial supervision over these trusts, as in other trusts. In 60 O.S.1961, Sec. 175.23, subd. C it is provided that actions may be brought in the district court by a trustee, beneficiary, or any person affected by the administration of the trust.

The Commission complains that the Metropolitan Utilities Company is operating the facilities of the Oklahoma County Utility Services Authority, and that the Commission has jurisdiction to inquire into Metropolitan's activities. Metropolitan is admittedly a public utility and under the jurisdiction of the Commission. The action before this Court is not to prohibit the Commission from inquiring into the activities of Metropolitan. The question presented to us is whether the Commission may inquire into the activities of The Oklahoma County Utility Services Authority. We hold that it may not.

The application to assume original jurisdiction and petition for writ of prohibition are granted, and the Commission is directed to undertake no further proceedings against The Oklahoma County Utility Services Authority.

All the Justices concur.