The OKLAHOMA COUNTY UTILITY SER-
VICES AUTHORITY, a public
trust, et al., Petitioners,

v.

The CORPORATION COMMISSION of the
State of Oklahoma et al.,
Respondents.

No. 45851.

Supreme Court of Oklahoma.

Feb. 22, 1974.

Hirsh, Johanning & Hudson, Oklahoma
City, for petitioners.

Jack A. Swidensky, Gen. Counsel, Oklahoma Corp. Commission, Oklahoma City, for respondent, The Corporation Commission, State of Oklahoma.

Smith, Smith & Christian, Oklahoma City, for respondent, Metropolitan Utilities Co.

Don W. Kilpatrick, Marvin B. York, Oklahoma City, amicus curiae.

IRWIN, Justice:

The issue presented is whether the State Corporation Commission, acting under the authority of 60 O.S.Supp.1972, § 180.4, has jurisdiction to exercise general supervision over the Oklahoma County Utility Service Authority [Authority], a public trust, created pursuant to 60 O.S.1971, § 176 et seq. The rights of Respondent, Metropolitan Utilities Company, a corporation, are not an issue.

In this original proceeding, Authority seeks a Writ of Prohibition prohibiting the Corporation Commission from further proceeding against it in Cause No. 44,596, wherein the Corporation Commission ordered Authority to comply with the rules and regulations of the Corporation Commission applicable to the operations of public utility water companies.

Authority challenges the Corporation Commission's jurisdiction to exercise general supervision over it pursuant to § 180.4, on the grounds that said enactment is unconstitutional in that it contravenes Art. 5, § 59, and Art. 9, § 1, of the Oklahoma Constitution. If § 180.4, supra, is unconstitutional the Corporation Commission does not have jurisdiction to exercise general supervision over Authority. In this Connection see Oklahoma County Utility Services Authority v. Corporation Commission (1970), Okl., 478 P.2d 352, wherein we held:

"The Oklahoma Corporation Commission has no jurisdiction over the Oklahoma County Utility Services Authority, a public trust organized under the provisions of 60 O.S. 1961, Secs. 176–180, and the Oklahoma Trust Act, and engaged in the business of furnishing water utility services to its beneficiaries which are all cities, towns and other bodies politic."

Sec. 180.4, supra, [1972 Session Laws, Ch. 63, pg. 68] enacted as a general law subsequent to the promulgation of 478 P.2d 352 in 1970, provides:

"A. The Corporation Commission shall have general supervision over trusts created for the benefit and furtherance of a public function pursuant to Title 60 of the Oklahoma Statutes, Sections 176 et seq., where:

"1. The trust has multiple beneficiaries; and

"2. A water supply system is operated by the trust or a person or entity to which such function has been delegated; and

"3. The water supply system is operated in a county having a population in excess of five hundred thousand (500,000) persons according to the most recent Federal Decennial Census; and

"4. The beneficiaries do not regulate the rates, charges and practices of the water supply system.

"* * *."

Authority contends that Art. 9, § 1, of the Constitution precludes the Legislature from conferring jurisdiction in the Corporation Commission to exercise general supervision over a public trust created pursuant to 60 O.S.1971, § 176, et seq.

Art. 9, of the Constitution relates to corporations and the Corporation Commission. Sec. 1, thereof provides that as used in Art. 9, the term "corporation" or "company" shall include all associations and joint stock companies, not possessed by individuals, *and exclude all municipal corporations and public institutions owned or controlled by the State.* (emphasis ours)

In State v. Garrison, Okl., 348 P.2d 859, we pointed out that a public trust is a legal entity separate and apart from the State and the political subdivision of the State, but that the trustee or trustees "shall be an agency of the State and the regularly con-

stituted authority of the beneficiary for the performance of the functions for which the trust shall have been created. 60 O.S. 1971, § 179.

Authority does not contend that it is *owned* by the State, and if it were *controlled* by the State it would not come within the purview of § 180.4, supra. Sub-paragraph (4) of subdivision A of § 180.4, requires that "the beneficiaries do not regulate the rates, charges and practices of the water supply system."

We hold that § 180.4, supra, does not contravene Art. 9, § 1, of the Constitution. Whether the Legislature could constitutionally confer jurisdiction in the Corporation Commission to exercise general supervision over public trusts created pursuant to 60 O.S.1971, § 176 et seq., and not within the purview of § 180.4, supra, is not here presented.

It is to be noted that § 180.4, supra, is applicable only where "The water supply system is operated in a county having a population in excess of five hundred thousand (500,000) persons * * *." We take judicial notice that only one county in the State of Oklahoma [Oklahoma County] comes within that population requirement. See Williams v. Johnson, Okl., 396 P.2d 518.

Article 5, § 59, of the Constitution provides:

"Laws of a general nature shall have a uniform operation throughout the State, and where a general law can be made applicable, no special law shall be enacted."

█ The decisive question for our determination is whether the 1972 enactment is a general law as distinguished from a local or special law. In deciding this question we must look to see if there was a proper and legitimate classification and that such classification was not arbitrary or capricious, bearing a reasonable relationship to the object to be accomplished. Sanchez v. Melvin, Okl., 418 P.2d 639.

█ Preliminary to considering this issue, it will be observed that if there is any doubt concerning the constitutionality of a Legislative enactment, the doubt must be resolved in favor of its constitutionality. Dobbs v. Board of County Commissioners, 208 Okl. 514, 257 P.2d 802. Also, courts do not concern themselves as to whether an act of the Legislature is wholesome and salutary in its operation or whether such legislation is unwise and harmful. The judiciary can interfere with legislative action only when it clearly appears that a given act contravenes the basic law of the State and for that reason is unconstitutional and void. Haas v. Holloman, Okl., 327 P.2d 655.

In Lowden v. Oklahoma County Excise Board, 186 Okl. 706, 100 P.2d 448, we held that the Legislature may classify the counties and cities of the state on the basis of population for legislative purposes, where the classification is not arbitrary and capricious, but is founded upon real and substantial distinctions, and the questions of population bear some reasonable, rational relation to the subject matter.

In Haas, supra, we held that where a statute operates upon a class, the classification must not be capricious or arbitrary and must be reasonable and pertain to some peculiarity in the subject matter calling for the legislation. As between the persons and places included within the operation of the law and those omitted, there must be some distinctive characteristic upon which a different treatment may be reasonably founded and that furnishes a practical and real basis for discrimination.

█ We do not question the wholesomeness or the advisability of conferring jurisdiction in the Corporation Commission to exercise general supervision over public trusts coming within the purview of § 180.-4, supra.' However, if the Legislature determines that the Corporation Commission should exercise general supervision over public trusts meeting the requirements of sub-paragraphs (1), (2), and (4) of subdivision A of § 180.4, supra, there is no rational or logical reason why such general supervision should be restricted to a public

trust operating in a county having a population in excess of 500,000 persons as prescribed by sub-paragraph (3). This population factor is not a proper and legitimate classification as it bears no reasonable relationship to the object to be accomplished, i. e., granting the Corporation Commission general supervision over public trusts created pursuant to 60 O.S.1971, § 176 et seq., which meet the requirements set forth in sub-paragraph (1), (2), and (4) of subdivision A of § 180.4, supra.

We hold that 60 O.S.Supp.1973, § 180.4, is a special law as distinguished from a general law; and that it contravenes Art. 5, § 59, of the Constitution and it is unconstitutional. Being unconstitutional, the enactment conferred no jurisdiction on the Corporation Commission and Authority is entitled to the writ prayed for.

Application to assume original jurisdiction granted; Application for writ of mandamus granted and the Corporation Commission is prohibited from further proceeding against Authority in Cause No. 44,596.

All the Justices concur.