SALVAGE YARDS — LOCATION The enactment of 69 O.S. 1226 [69-1226] — 69 O.S. 1228 [69-1228] (1971) does not affect Attorney General Opinion No. 65-456. Title 69 O.S. 1226 [69-1226] — 69 O.S. 1228 [69-1228] (1971) are constitutional. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1. What effect, if any, did the enactment in 1968 of 69 O.S. 1226 [69-1226] — 69 O.S. 1228 [69-1228] have upon Attorney General Opinion No. 65-456 which held that 69 O.S. Supp. 1968, 145-147, [69-145] — [69-147], are unconstitutional? 2. Are Sections 1226-1228 of Title 69 of the Oklahoma Statutes constitutional? Sections 69 O.S. 1226 [69-1226] through 69 O.S. 1228 [69-1228] of Title 69 provide as follows: Section 69 O.S. 1226 [69-1226]: "No junk or salvage yard shall be located nearer than 50 feet back of the right-of-way limits of any road or highway." Section 69 O.S. 1227 [69-1227]: "(a) All junk and salvage yards shall be screened from view from any road or highway running adjacent thereto by the construction of a fence of a material that is attractive and approved by the Commission for such fences or by the planting of appropriate shrubbery. "(b) Construction of a fence a minimum of eight feet high, of an attractive nature that cannot be seen through, or the planting of screening type shrubbery of equal height, across the front and at least one hundred fifty (150) feet down the sides (where such sides are exposed to view) shall be considered compliance with this Section." Section 69 O.S. 1228 [69-1228]: "Any person, firm, or corporation operating a junk or salvage yard in violation of the two preceding Sections shall be allowed 90 days to correct such violation, which time shall run from the date of a written notice of the violation, signed either by the Director or the Chairman of the Board of County Commissioners of the county in which the junk or salvage yard is located. The person, firm, or corporation failing to make such correction within the time herein fixed shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined Ten Dollars ($10.00) for each day the violation continues after the ninety-day period allowed for such correction." These sections, virtually a verbatim enactment of Sections 145 through 147, respectively, of Title 69, (originally enacted June 28, 1965), were enacted on May 2, 1968 as part of the Highway Code, which simultaneously repealed the original sections. The enactment of Sections 1226 through 1228 continued in force all the provisions of Sections 145 — through 147, and thereby constitutes a reenactment of the latter. Sekt v. Justice's Court of San Rafael Tp., 159 P.2d 17, 22 (Cal. 1945), states that: " 'When a statute, although new in form, reenacts an older statute without substantial change, even though it repeals the older statute, the new statute is but a continuation of the old. There is no break in the continuous operation of the old statute, and no abatement of any legal consequences of acts done under the old statute. Especially does this rule apply to the consolidation, revision, or codification of statutes, because, obviously, in such event the intent of the Legislature is to secure clarification, a new arrangement of classes, and to delete superseded provisions, and not to affect the continuous operation of the law. " '. . . The cases have clearly established the rule that such reinstatement, without substantial change, neutralizes any repeal, express or implied. No savings clause or other expression of legislative intent is necessary to accomplish this result. The intent is derived from the fact and purpose of a restatement without change.' " This rule is followed in Ex parte Burns, 202 P.2d 433, 437
(Okl. 1949), wherein the Court quotes with apparent approval from 59 C.J. 928 as follows: "A revision of a statute by re-enactment of a previous statute operates as a continuance of the former, instead of as a repeal and new enactment." (Emphasis added) See 73 Am.Jur.2d Statutes, 391, page 509 (1974); Jessee v. De Shong,105 S.W. 1011, 1015 (Tex. 1907). The enactment of the Highway Code, which repealed Sections 145 through 147 and reenacted them, without substantial change, as Sections 1226 through 1227, respectively, operated as a continuance of the previous sections, and not as a repeal thereof and a new enactment. Volume 82 C.J.S. Statutes, 370(b)(2) (1953), states: "The reenactment of a statute, or the passage of a similar one, in the same or substantially the same terms is an adoption of the practical construction placed on the previous statute by the executive or administrative departments of the government. . . ." See also 2 Am.Jur.2d Administrative Law, 253. Therefore, Attorney General Opinion No. 65-456 was not affected by the enactment of 69 O.S. 1226 [69-1226] — 69 O.S. 1228 [69-1228] (1971), for the reason that said enactment was a continuation of 69 O.S. 145 [69-145] — 69 O.S. 147 [69-147] (1968), with no abatement of any legal consequences of the latter. In response to your second question, Oklahoma County Utility Services Authority v. Corporation Commission, 519 P.2d 919, 921 (Okl. 1974), states: ". . . If there is any doubt concerning the constitutionality of a legislative enactment, the doubt must be resolved in favor of its constitutionality." (citing authority) Spearman v. Williams, 415 P.2d 557, 600
(Okl. 1966). Ruble v. Redden, 517 P.2d 1124, 1126 (Okl. 1973), states: "It is a fundamental and established principle that where there are two possible interpretations of a statute, one which would render the statute unconstitutional, and another which would render the statute valid, the court should adopt the construction which will uphold the statute." (citing authority) Also, it is a settled principle of statutory construction that statutes be given prospective operation only, unless the statute being construed plainly indicates a legislative intent that it shall operate retrospectively. Mid-Continent Casualty Company v. P H Supply, Inc.,490 P.2d 1358, 1361 (Okl. 1971), Sunray DX Oil Company v. Great Lakes Carbon Corporation, 476 P.2d 329, 346 (Okl. 1970). Nothing in the language used in Sections 1226 through 1228 either plainly states an intention that they shall operate retrospectively, or by necessary implication requires such construction. Therefore, Sections 69 O.S. 1226 [69-1226] through 69 O.S. 1228 [69-1228], not exceeding any express constitutional prohibitions and limitations, and not appearing on their face to be arbitrary or capricious, are constitutional. Therefore, it is the opinion of the Attorney General that your questions be answered as follows: 1. The enactment of 69 O.S. 1226 [69-1226] — 69 O.S. 1228 [69-1228] (1971) does not affect Attorney General Opinion No. 65-456. 2. Title 69 O.S. 1226 [69-1226] — 69 O.S. 1228 [69-1228] (1971) are constitutional. (Harold B. McMillan Jr.)