The Attorney General is in receipt of your request for an official opinion as to the constitutionality of Senate Joint Resolution No. 45, 37th Oklahoma Legislature, Second Regular Session, 1980, O.S.L. 1980, p. A-3, hereinafter referred to as "SJR 45." SJR 45 was passed by both houses of the Legislature and signed into law by the Governor. SJR 45 recites in the initial "Whereas" clauses that the Pittsburg County Fair Board Authority is in need of land for a fairground and other public uses, and that the land deemed most suitable by the Board is currently owned by the Department of Corrections and the State Board of Public Affairs. In the body of SJR 45, the State Board of Public Affairs is ordered to lease to the Pittsburg County Fair Board Authority certain real property, therein legally described, for a 99 year term at the rate of $1 per year. The third "Whereas" states: "WHEREAS, the State Board of Public Affairs is authorized by law to execute a lease contract for the use of state land to any agency, department or municipal subdivision which may require the use of such land;" This is a reference to 74 O.S. 126.2 [74-126.2] (1971), which provides: "74 O.S. 126.2 [74-126.2] Leases. — The State Board of Public Affairs is hereby authorized to lease for a temporary period of time, the surface of any of the lands belonging to the State named in first section hereof, and which lands are not needed or required for the proper maintenance of the instructions or departments in possession thereof. Said leases to be for a period of time not exceeding three years thereof and upon such other terms and conditions as said Board may determine advisable and for the best interests of the State and which said leases shall also provide for a termination thereof upon reasonable notice in writing whenever the needs of the State or the institution in possession thereof requires said land. None of said lease contracts shall become effective until after the same shall be submitted to and approved by the Governor of the State of Oklahoma. Said Board may also execute lease contracts for said lands to any institution or agency or department, commission or municipal subdivision that may require the need of said land in conjunction with cooperation or participation in any City or State project authorized by law, provided said contracts or agreements will not interfere with or restrict in any manner, the proper use of said lands by the State Institution in possession thereof and shall not become effective until after approval of by the Governor." (Emphasis added) Attorney General Opinion No. 67-388 interpreted 74 O.S. 126.2 [74-126.2] as "severable", describing two classes of leases, those made to members of the general public and the second class: "* * * any institution or agency or department or municipal subdivision that may require the need of said land in conjunction with cooperation or participation in any city or state project authorized by law." The opinion further construed 74 O.S. 126.2 [74-126.2] to mean that the three year maximum term provided for in the second sentence only applied to leases to the general public and did not apply to leases to the second class of lessees described in the statute. The mandate contained in SJR 45 to the State Board of Public Affairs to lease the subject property conflicts with 74 O.S. 126.2 [74-126.2] in that the State Board of Public Affairs may lease lands to another governmental entity only: "* * * in conjunction with cooperation or participation in any City or State project authorized by law * * *." (Emphasis added) The Pittsburg County Fair Board Authority is a public trust organized under 60 O.S. 176 [60-176] et seq. (1979), for the purpose of "conducting annual agricultural and industrial fairs and expositions," according to the Article II of the Declaration of Trust by which the Authority is created. Pittsburg County is the beneficiary of the trust and has accepted the beneficial interest therein. County fairs are neither "City nor State project(s)" within the meaning of 74 O.S. 126.2 [74-126.2]. Spann v. State, 152 Okl. 60, 3 P.2d 861
(1931) held that county fairs were matters of purely local concern, left to the constituted authorities of the respective counties. In Midwest City v. Cravens, Okl.,532 P.2d 829 (1975), the Court had under consideration a statute, 11 O.S. 548.3 [11-548.3](10) (1972), which provided that the term "Firefighters and Policemen", as used in certain other statutes cited therein, "shall be deemed to include and apply to municipal employees." This statute was found to violate Okla. Const., Article V, Section 57, which forbids amending or extending the terms of a statute by reference without re-enacting and publishing the same at length. The Court held: "By the 1972 amendment, the Legislature has attempted to amend and extend by reference the section set forth in 11 O.S. 548.3 [11-548.3](10), and purports to make said section applicable to all municipal employees and to make the term 'Firefighters and Policemen' to mean all municipal employees. "Article V, Section 57, of the Oklahoma Constitution provides that '* * * no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended or conferred shall be reenacted and published at length; * * *.' "This is a clear case of amendment and extension by reference, without re-enactment and prohibition at length in contravention of the Constitution. Therefore, the 1972 amendment is inoperative * * *." Assuring without rendering an opinion upon the subject that a trust organized under 60 O.S. 176 [60-176] et seq. (1979), for the furtherance of public functions is an eligible lessee within the second class of governmental entities in 74 O.S. 126.2 [74-126.2], SJR 45 purports to amend and extend 74 O.S. 126.2 [74-126.2] by authorizing the State Board of Public Affairs to lease the property in question in connection with other than a "City or State project authorized by law." It is, concluded that Senate Joint Resolution 45, 37th Oklahoma Legislature, Second Regular Session, 1980, O.S.L. 1980, p. A-3, violates Okla. Const., Article V, Section 17, and is inoperative. The provisions of SJR 45, authorizing the State Board of Public Affairs to lease particularly described land in Pittsburg County to a named lessee, the Pittsburg County Fair Board Authority, also raises constitutional questions under Okla. Const., Article V, Section 59, which provides: "Laws of a general nature shall have a uniform operation throughout the State, and where a general law can be made applicable, no special law shall be enacted." In order for a law to be general in nature, it must not apply exclusively to any particular locality in the state, and it must operate equally upon all subjects within the class for which it was adopted. Roberts v. Ledgerwood, 134 Okl. 152, 272 P. 448 (1929). Elias v. City of Tulsa, 408 P.2d 517 (1965), speaking to special and local laws, said: "Their vice is that they do not embrace all the class that they should naturally encompass. They create preference and establish inequality. They apply to persons, things and places possessed of certain qualities or situations and exclude from their effect other persons, things, or places which are not dissimilar in this respect." In Tulsa Exposition 
Fair Corp. v. Board of Co. Com'rs., Okl., 468 P.2d 501
(1970), the Supreme Court declared unconstitutional 2 O.S. 156 [2-156] (1961), which attempted to establish a fair in Tulsa County through a population classification, which could only apply to Tulsa County. The act was found to violate Okla. Const., Article V, Section 59, because the attempted classification on the basis of population did not bear a reasonable, rational relation to the subject matter of the act, i.e. the establishment of a fair. See Williams v. Johnson, Okl., 396 P.2d 518 (1964). The Court said: "But of what purpose can there be in a restricted upper limit on population except to give a special or local advantage to one county over all the other counties. * * * This is the type of special legislation that the constitutional provision was designed to protect against and is in violation of Article V, Section 59 of the Constitution." Similarly, SJR 45 is the type of legislation Article V, Section 59 was designed to prohibit. This legislation directs a state agency to surrender the beneficial use of legally described real property in a single county to a named entity, the Pittsburg County Fair Board Authority, for use as a fairground in one county, Pittsburg County. This creates a preference and establishes inequality with respect to all of the other counties of the State. The legislative declaration in the last "Whereas" of SJR 45 to the effect that the use of the subject land in that manner would benefit the entire state is belied by the very terms of the Resolution. Spann v. State, supra, held that county fairs were matters of local concern, left to the constituted authorities of the counties. It is, therefore, the official opinion of the Attorney General that: 1. Senate Joint Resolution No. 45, 37th Oklahoma Legislature, Second Regular Session, 1980, O.S.L. 1980, p. A-3 violates Okla. Const., Art. V, 57, by attempting to amend or extend the provisions of 74 O.S. 126.2 [74-126.2] (1971), by reference, to include the power to lease to governmental entities for other than "City or State project(s)," without re-enacting and republishing said section at length; and 2. Senate Joint Resolution No. 45, 37th Oklahoma Legislature, Second Regular Session, 1980, O.S.L. 1980, p. A-3, violates Okla. Const., Article V, Section59, in that the same is a special and local law where a general law could be made applicable; and 3. Senate Joint Resolution No. 45, 37th Oklahoma Legislature, Second Regular Session, 1980, O.S.L. 1980, P. A-3, is therefore inoperative. (FLOYD W. TAYLOR) (ksg)