Dear Honorable Ballenger
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Absent provisions to the contrary in the trust instrument, may the trustees of a county-beneficiary public trust that operates a county jail, lawfully cause bills and employee payroll to be paid twice monthly, although the trustees meet only once monthly to approve and ratify such items?
¶ 1 Essentially, you ask whether the trustees of a public trust created under 60 O.S. 2001 Supp. 2007, §§ 176 — 180.3,[1] the Trusts for Furtherance of Public Functions ("Public Trust Law"), who annually adopt a line-item budget, may properly cause bills and employee payroll claims to be paid twice a month, although the trustees meet only once monthly to approve and ratify bills and claims. The public trust you inquire about operates a county jail, although we do not believe the business of the trust is pertinent to how we answer your question.
 The Trust Instrument
¶ 2 A public trust created pursuant to the Public Trust Law is a special type of charitable trust, subject to the same general restrictions of State law. Bd. of County Comm'rs v. Warram, 285 P.2d 1034, 1043
(Okla. 1955); Harrison v. Barton, 358 P.2d 211, 221 (Okla. 1960). Section 178(A) of the Public Trust Law provides in pertinent part:
 The instrument or will creating such trust may provide for the appointment, succession, powers, duties, term, manner of removal and compensation of the trustee or trustees subject to the provisions of subsections C and E of this section, and in all such respects the terms of said instrument or will shall be controlling. . . . If the said instrument or will makes no provisions in regard to any of the foregoing, then the general laws of the state shall control as to such omission or omissions.
Id. (emphasis added). In other words, the provisions of the trust instrument creating the public trust are controlling, but if the trust instrument makes no provisions as to a particular aspect of trust operation, then the trust will be governed by general State laws, including those statutes relating to trusts generally.
¶ 3 We have not reviewed the provisions of the trust instrument creating the public trust about which you inquire. For purposes of this Opinion, we assume the trust instrument is silent as to the method or frequency of paying bills and claims, thus Oklahoma general trust laws would apply. If the trust instrument creating the public trust were to specifically authorize the trustees to meet once monthly, but to pay bills and employee payroll twice monthly, we believe under Section 178 of the Public Trust Law, this would end the inquiry since we are aware of no provisions of general State law that would prohibit such a practice. However, an analysis of the provisions of a specific trust instrument would involve questions of fact which cannot be addressed in an Attorney General Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
 General Discretionary Powers of Trustees
¶ 4 Since we assume, for purposes of this inquiry, that the trust instrument in question does not specifically authorize the method, procedure or timing of paying regular bills and claims of the trust, we must analyze general State law applicable to the situation.
¶ 5 The duties of the trustees of a public trust, being a special type of charitable trust, are similar to those applicable to trustees of a private trust. The Oklahoma Supreme Court in Harrison observed: "Trustees, whether of a charitable or private trust, are inescapably burdened with the positive responsibility of exercising prudence in administering the trust." Id. at 221; see Smith v. Baptist Found.,50 P.3d 1132, 1144-45 (Okla. 2002).
¶ 6 While a trustee does not have unbridled authority to deal with trust property, the standard applicable is "the external standard of a man of ordinary prudence in dealing with his own property." Pipkin v.Pipkin, 393 P.2d 534, 537 (Okla. 1964); Finley v. Exchange TrustCo., 80 P.2d 296, 303 (Okla. 1938).
¶ 7 Further, where it is necessary to do so, a trustee may appoint or employ agents or skilled persons to do and perform duties or services, while maintaining the responsibility of seeing that the agent properly performs the duties incumbent on the trustee. Ewing v. Wm. L. Foley, Inc.,280 S.W. 499, 500 (Tex. 1926); see 60 O.S. 2001, §§ 175.24[60-175.24](A)(9), 175.61 and 175.69.
¶ 8 In State ex rel. Trimble v. City of Moore, 818 P.2d 889, 897
(Okla. 1991) the court ruled that, where a public trust made payment on claims of a former city manager and his attorney some 13 days prior to their approval by the trust board, such payment did not render the payments invalid, as any departure from authorized procedures was cured by subsequent ratification by the trustees. The court observed, "The trustees' failure to follow statutory procedures for approval of an otherwise valid claim will not subject them to qui tam liability."[2]Id.
¶ 9 Thus, the practice of the trustees in approving a line-item budget and allowing payment of routine claims twice a month, but reviewing and ratifying payment only once a month would not, under Trimble and the other cited Oklahoma cases, appear to violate the "prudent person" standard.
¶ 10 We cannot say as a matter of law that trustees of a public trust are prohibited from providing for payment of regular bills and employee payroll twice monthly, while only meeting once a month to review, approve and ratify claims. Whether, in a given situation, practices of trustees in paying claims would exceed limitations on a prudent person and thus result in unlawful payments, involves questions of fact that cannot be addressed in an Attorney General Opinion. 74 O.S. 2001,§ 18b[74-18b](A)(5).
¶ 11 It is, therefore, the official Opinion of the Attorney Generalthat:
 In the absence of provisions to the contrary in the trust instrument, the trustees of a public trust created under 60 O.S. 2001 Supp. 2007, §§ 176 —180.3 that operates a jail facility, may meet once each month to approve and ratify payment of bills and employee payroll claims for the month or portion thereof that have been previously paid under a "prudent man" standard. 60 O.S. 2001, §§ 175.61[60-175.61]; 175.69; State ex rel. Trimble v. City of Moore, 818 P.2d 889, 897 (Okla. 1991). However, whether the actions of trustees comply with such standard will depend upon the facts and circumstances of each case, and cannot be answered in an Attorney General Opinion. 74 O.S. 2001, § 18b[74-18b] (A)(5).
W.A. DREW EDMONDSON Attorney General of Oklahoma
BRYAN NEAL Assistant Attorney General
[1] See 60 O.S. 2001, § 180.4[60-180.4] which was ruled unconstitutional by Oklahoma City Utility Service Authority v.Corporation Commission, 519 P.2d 919, 922 (Okla. 1974).
[2] The term "statutory procedures" refers to the provisions of 62O.S. 1981, § 310.1b[62-310.1b], which was subsequently repealed by 1991 Okla. Sess. Laws ch. 124, § 35.